Memorandum. The order of the Appellate Division is modified, by reversing so much thereof as granted class action relief, and, as so modified, affirmed, with costs.
Petitioners are all patients confined to residential hospital facilities for the chronically ill and are recipients of Medicaid under section 363 et seq. of the New York Social Services Law; and they also receive Old Age, Survivors and Disability Insurance (OASDI) benefits under title II of the United States Social Security Act (US Code, tit 42, § 401 et seq.). While their *74 income exceeds the level required for direct cash assistance from the State, they are financially eligible for federally supported State medical assistance (Medicaid) because their OASDI benefits are needed for medical care and their remaining incomes are insufficient to meet their other expenses and exceptions (see Social Services Law, § 366, subd 1, par [a], cl [4]).
Both the applicable Federal statute (US Code, tit 42, § 1396a, subd [a], par [17], cl [B]) and the regulation promulgated thereunder (45 CFR 248.21 [a] [3] [iii]) make it manifestly evident that petitioners, although "medical assistance only” recipients, are entitled to the "disregard” or "pass along” granted by Congress in Public Law 92-603 to recipients of OASDI benefits who receive direct cash assistance under State programs which are federally funded pursuant to titles I, X, XIV and XVI of the Social Security Act. A "disregard” is an amount of income which is excluded from consideration in determining the eligibility for and the amount of direct cash or medical assistance. In the case of petitioners, the income exempted, which is derived from OASDI benefits, would amount to $4 a month. Public Law 92-603 was enacted to give OASDI recipients the benefit of an augmentation in OASDI payments which was intended to offset the rise in the cost of living. Without the "disregard” allowed by that statute, the OASDI increase would be nullified by a corresponding decrease in medical assistance or cash payments.
Section 1902 (subd [a], par [17], cl [B]) of the Social Security Act (US Code, tit 42, § 1396a, subd [a], par [17], cl [B]) directs that a federally supported State medical assistance program under title XIX of the act must provide that "medical assistance only” recipients be treated in the same fashion as recipients of cash public assistance grants under other federally funded programs for the purpose of determining entitlement to "disregards.” Furthermore, the Department of Health, Education and Welfare, the Federal agency charged with the implementation of Federal medical assistance programs, has conclusively determined that the "disregard” in question is applicable to "medical assistance only” recipients under federally supported programs. Indeed, the regional commissioner of that department has ruled and pointedly informed the State Department of Social Services that the "failure to take the $4 disregard into account in determining eligibility for the medically needy under Title XIX is imper *75 missible under the Federal statute and thus raises a question of compliance with Federal requirements.” Despite this admonition, respondent has continued to assert that the application of the "disregard” was discretionary.
That New York law requires respondent to act consistently with applicable Federal law is uncontroverted for section 366 (subd 2, par [b]) of the Social Services Law provides, in pertinent part, that "[i]n establishing standards for determining eligibility for an amount of such [medical] assistance, the department shall take into account only such income and resources, in accordance with federal requirements, as are available to the applicant or recipient and as would not be required to be disregarded or set aside for future needs.”
Although this proceeding has been styled as a class action, we think that there is no compelling need to grant class action relief in this case in light of the enormity of the administrative problem which would be posed in implementing this decision and the fact that future petitioners may rely upon our determination herein. As we recently noted, "[t]he availability of class action relief has only recently been the subject of a lengthy exposition which expanded its acceptance in the courts of this State (Ray v Marine Midland Grace Trust Co., 35 NY2d 147). Without detracting from that opinion, or the modern concept of class actions, in this particular situation, where governmental operations are involved, and where subsequent petitioners will be adequately protected under the principles of stare decisis (Matter of Rivera v Trimarco, 36 NY2d 747), we are of the opinion that class action relief is not necessary” (Matter of Jones v Berman, 37 NY2d 42, 57).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, with costs, in accordance with the memorandum herein and, as so modified, affirmed.