Gabrielli, J.
On this appeal, we must decide whether Social Security deductions under the Federal Insurance Contributions Act, otherwise known as FICA taxes, should be considered "income available” to an applicant for federally supported medical assistance under New York State’s Medicaid program (Social Services Law, § 363 et seq.). Following a fair hearing, the State Commissioner of Social Services confirmed a decision of the Director of the Monroe County Department of Social Services denying petitioner a medical assistance grant. The Appellate Division affirmed the commis *587 sioner’s determination, one Justice dissenting, and held that FICA taxes are not required to be deducted from an applicant’s income in determining eligibility for medical assistance.
Petitioner, a man with a wife and six children, was found to be ineligible for medical assistance under the New York State Medicaid plan because his monthly net income exceeds the $650 statutory limitation for a family of eight individuals (see Social Services Law, § 366, subd 2, par [a], cl [8], subcl [i]). Respondent Commissioner of Social Services determined that net income "means the total income from all sources less income taxes, health insurance premiums and payments made pursuant to court order” (see Social Services Law, § 366, subd 2, par [a], els [5], [6], [7]) and, hence, FICA taxes should not be deducted. As a result of this determination, petitioner had "excess income” of $36.80 over the monthly limit. It is undisputed that if the amount of $42.83, representing monthly FICA taxes taken from his wages, is deducted from petitioner’s net income, he would be eligible for medical assistance.
Section 366 of the Social Services Law sets forth the standards of eligibility for medical assistance arid subdivision 2 of paragraph (b) of that section directs that, "[i]n establishing standards for determining eligibility for and amount of such [medical] assistance, the department shall take into account only such income and resources, in accordance with federal requirements, as are available to the applicant or recipient * * * and there shall be a reasonable evaluation of any such income or resources.” Both State and Federal statutes require that officials administering the Medicaid program adhere to Federal standards in determining eligibility (Matter of Martin v Lavine, 39 NY2d 72, 75). The Federal statute establishing the Medicaid program (US Code, tit 42, § 1396 et seq.) provides that every State plan for medical assistance must, "include reasonable standards * * * for determining eligibility for and the extent of medical assistance under the plan which * * * (B) provide for taking into account only such income and resources as are, as determined in accordance with standards prescribed by the Secretary [of Health, Education and Welfare], available to the applicant or recipient” (US Code, tit 42, § 1396a, subd [a], par [17]). This mandate is embodied in the regulation promulgated by the Secretary of Health, Education and Welfare which states that,
"[w]ith respect to * * * the medically needy, a State plan must:
*588 "(1) Provide that only such income and resources as are actually available will be considered and that income and resources will be reasonably evaluated” (45 CFR 248.3 [b] [1]; emphasis added).
Petitioner’s claim that the amount of FICA taxes deducted from his income may not be considered "income available” to him should be sustained. While not explicitly included therein, the controlling Federal regulation makes it clear that funds which are not "actually available” for the use of an applicant may not be considered in determining eligibility for medical assistance. It cannot be seriously argued that FICA taxes are income "actually available” to an applicant. Only in the remote sense that an applicant may possibly receive Social Security benefits, if he on some future date qualifies for them, may he recoup some of these deductions—in contrast with the present need of medical assistance for his family. Social Security taxes are manifestly different from life insurance premiums or contributions to pension funds and retirement plans where an individual himself makes the economic decision to allocate a portion of the income he receives for such purposes. With respect to FICA taxes, there is no individual choice and one never exercises dominion or control over the funds deducted. Indeed, the Internal Revenue Code requires an employer to withhold FICA taxes directly from wages (US Code, tit 26, § 3102), and he is subject to personal liability and criminal sanction for failure to do so (see US Code, tit 26, §§ 7501, 6672, 7202). It should be noted that income taxes paid by an applicant are excluded in determining eligibility (Social Services Law, § 366, subd 2, par [a], cl [5]). The failure to include FICA taxes in the enumerated exemptions contained in section 366 of the Social Services Law is not fatal to petitioner’s claims because, as Justice Cardamone observed in his Appellate Division dissent, "pursuant to paragraph (b) of subdivision 2 of that section the applicant is permitted such other exclusions of income and resources as he can show are unavailable to him”. Furthermore, amounts paid for income taxes can and do come into the possession of a wage earner so that these funds are not strictly unavailable to him; thus, an express exemption for income taxes is necessary. We conclude that reason, fairness and the plain language of the Federal regulation require that respondents exclude FICA taxes from an applicant’s income in determining eligibility for medical assistance.
*589 Respondents’ arguments to the contrary are unpersuasive. They argue that the approval of the State Medicaid plan, in general, by the Department of Health, Education and Welfare (HEW) demonstrates Federal approval of the practice challenged here and compliance with Federal regulations. There is nothing in the record, however, which would indicate that Federal authorities have approved the specific practice of including FICA taxes in net income. This practice has not been codified in either the State statute or regulations establishing the plan and approved by HEW and, therefore, we cannot engage in the unjustifiable assumption that the Federal authorities have approved respondents’ practice. Similarly, the record does not support the contention that the Legislature considered FICA taxes in fixing the minimum amount of income necessary for eligibility in section 366 (subd 2, par [a], cl [8], subcl [i]) of the Social Services Law. Absent a showing that the Legislature took FICA taxes into account, we cannot participate in the unwarranted conjecture that it did so. Thus, respondents are unable to avoid the clear Federal directive that only income "actually available” be considered in determining medical assistance eligibility.
We note, in conclusion, that class action relief is inappropriate here for the reasons stated in Matter of Martin v Lavine (supra, p 75) and the cases therein cited.
Accordingly, the judgment of the Appellate Division should be modified, without costs, to the extent of granting petitioner the individual relief requested, and, as so modified, affirmed.