OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioners seek an order: (1) permitting this proceeding to be maintained as a class action; and (2) a judgment reversing respondent’s decision of November 8, 1985 which denied petitioners’ request for a redetermination of a deficiency or for refund of personal income tax for the year 1981, on the grounds that the respondent’s decision is arbitrary and capricious.
In 1981, each of the named petitioners in this proceeding, all of whom are residents in proprietary adult homes, applied for a tax credit against their New York State personal income tax. The credit, called real property tax circuit breaker credit (hereinafter referred to as RPTC), represents credit available to applicants for a portion of real property taxes paid (Tax Law § 606 [e]). All of the petitioners were originally granted this credit, excepting Anthony Rupolo, by the Audit Division of the New York State Department of Taxation and Finance. In 1983, the Audit Division issued all petitioners (excepting Anthony Rupolo) statements of audit changes informing each petitioner that he or she as the case may be was not eligible to receive the RPTC. The Audit Division asserted deficiencies of 1981 income tax in the amount of the RPTC previously granted.
Petitioners protested the Audit Division’s determination by filing appeals with the Tax Appeals Bureau. The petitioners stipulated that the 81 individual petitioners would be joined for the purposes of the administrative proceeding, with the named petitioner to be Anna Crociata, and that the decision of the Tax Commission in Matter of Anna Crociata would bind all petitioners joined in the proceeding.
The parties were in agreement that the petitioner satisfied the criterion for eligibility for the RPTC with one exception, that is, whether all residents of the adult home where petitioner resided comprised a single household, such that the "household gross income” exceeded $13,500 rendering petitioner ineligible for the RPTC.
On November 8, 1985, the Tax Commission issued its deci *857 sion denying the petition of Anna Crociata and sustaining the notice of deficiency against her on the grounds that the aggregation of the income of all members of petitioners’ household resulted in a household gross income in excess of $13,500.
The petitioners contend that they should be treated as a class and the proposed class meets the requirements of the CPLR and, therefore, this court should grant class action relief. They further contend that respondent’s determination was arbitrary and capricious and erroneous as a matter of law when it decided that each petitioner’s household for the purpose of determining "household gross income” consisted of all of the residents of the adult home where they resided.
This court cannot agree with either of petitioners’ contentions. In a case such as this, where governmental operations are involved, a class action is unnecessary since subsequent plaintiffs will be adequately protected by the principles of stare decisis and it would be an abuse of discretion to grant class status where the granting of relief to the petitioners would adequately flow to others similarly situated under the principles of stare decisis (see, Matter of Jones v Berman, 37 NY2d 42; Matter of Rivera v Trimarco, 36 NY2d 747, 749).
Further, the determination by the State Tax Commission that all residents of a single adult home comprised one single household for the purposes of the Tax Law (§ 606 [e] [1]) and, therefore, petitioner Crociata’s household gross income exceeded $13,500, making her ineligible for the RPTC, has a rational basis and is not arbitrary or capricious. The finding is based upon the relationship between the residents and the owner/operator of the adult home and on the facilities shared by and the services rendered to the residents. As the findings provide a rational basis for the respondent’s interpretation of the Tax Law, it will be upheld by this court (see, Matter of Airlift Intl. v State Tax Commn., 52 AD2d 688).
The petition is in all respects denied.