In the Matter of ANNE CROCIATA et al., Appellants, v STATE TAX COMMISSION, Respondent.

Third Department, January 14, 1988

**APPEARANCES OF COUNSEL**

*Leonard S. Clark (Mindy S. Fridovich* of counsel), for appellants.

*Robert Abrams, Attorney-General (Julie S. Mereson* and *Wayne L. Benjamin* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, P. J.

Petitioners are residents in proprietary adult homes which, for a monthly charge deducted from the residents' public funds, provide room and board and other personal care services *(see,* Social Services Law § 2 [25], [27]; § 461 *et seq.).* In 1981, petitioners applied for a real property tax "circuit breaker" credit pursuant to Tax Law § 606 (e), which provides to low-income homeowners and renters a credit for a portion of real property taxes paid. The maximum amount of the credit allowable in 1981 was $45 (Tax Law § 606 [e] [3] [ii]). For 1981, all but one of petitioners were granted the credit by the Audit Division of the Department of Taxation and Finance.

The 1982 and 1983 credit claim forms, unlike the 1981 form, asked whether the taxpayer resided in a nursing home. The 1983 form stated that nursing home residents generally did not qualify for the credit. The Audit Division determined that petitioners were ineligible for the credit and, in 1983 and 1984, asserted deficiencies in the amount of the credit previously granted, plus interest. Petitioners appealed to the Tax Appeals Bureau and stipulated that the 81 individual petitioners would be joined in the administrative proceeding, with petitioner Anne Crociata being the named petitioner, and that respondent's determination would bind them all.

The sole issue determinative of petitioners' entitlement to the credit was whether the residents of the adult home where Crociata resided constituted a single household, such that the household gross income exceeded $13,500, rendering Crociata ineligible for the credit *(see,* Tax Law § 606 [e] [7] [i] [B]). In November 1985, respondent denied the petition and sustained the notice of deficiency on the ground that Crociata's household consisted of all the residents of the adult home and that the household income exceeded the statutory maximum.

Petitioners commenced this CPLR article 78 proceeding seeking class action status and an adjudication that respondent's interpretation of "household" was arbitrary and capricious. Supreme Court denied class action status to petitioners and, further, found respondent's determination that all resi-

dents of a single adult home constituted one single household for purposes of the statute to be rational (133 Misc 2d 855). This appeal by petitioners ensued.

The issue of petitioners' eligibility for the credit depends on the interpretation of the term "household" in Tax Law § 606 (e) (1) (ii), which states: " 'Household' or 'members of the household' means a qualified taxpayer and all other persons * * * who have the same residence and share its * * * accommodations. Such terms shall not include a tenant * * * who is not related to the qualified taxpayer". No credit is granted if the 1981 household gross income exceeds $13,500 (Tax Law § 606 [e] [7] [i] [B]).

We are constrained to reject petitioners' argument that each resident of the adult home constitutes a household on several grounds. First, the language in Tax Law § 606 (e) (1) (ii) that members of a household do not include a qualified taxpayer's unrelated tenant does not indicate that a single residence can include more than one household. We accept respondent's more rational interpretation of this language as meaning that the exclusion of tenants of a qualified taxpayer is meant to prevent denial of the tax credit to a qualified taxpayer based only on his rental of part of his residence to a nonrelative.

Next, we also reject petitioners' contention that, although residents of an adult home share facilities and accommodations, they are no different than apartment renters who share elevators, building security and plumbing. Respondent correctly counters this argument by pointing out that since adult home residents share "furnishings, facilities and accommodations", they clearly constitute a household, as defined in Tax Law § 606 (e) (1) (ii), and, further, that the fee they pay provides for many personal care services and, thus, is unlike rent. Further, Social Services Law § 461-h (15) and RPAPL 713-a make it clear that no landlord-tenant relationship exists between an adult home operator and its residents (see, Fischer v Taub, 127 Misc 2d 518). Thus, since all of the residents of petitioners' respective homes constituted a household, and the household income exceeded the $13,500 limit, petitioners were ineligible for the credit.

Finally, since petitioners did not prevail on the issue of the

interpretation of "household" in Tax Law § 606 (e) (1) (ii), the question of whether Supreme Court correctly denied class action certification under the circumstances of this case is academic.

WEISS, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment affirmed, without costs.