■ Louise C. Conklin et al., Appellants, v Town of Southampton et al., Respondents. (Action No. 1.) Jack Nash et al., Appellants, v Assessor of the Town of Southampton et al., Respondents. (Action No. 2.) Lawrence Martin et al., Appellants, v Assessor of the Town of Southampton et al.,

Respondents. (Action No. 3.)—In three actions, *inter alia,* to recover real estate taxes which the plaintiffs claim were illegally assessed, the plaintiffs in each action appeal from an order of the Supreme Court, Suffolk County (Cromarty, J.), entered August 26, 1987, which denied the motions of the plaintiffs in actions Nos. 1 and 2 for class action certification.

Ordered that the appeal by the plaintiffs in action No. 3 is dismissed; and it is further,

Ordered that on the appeal by the plaintiffs in actions Nos. 1 and 2 the order is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

These actions were commenced on behalf of the plaintiffs and other owners of real property in the Town of Southampton who are similarly situated. The plaintiffs in action No. 2 alleged that their properties had been reassessed simply because the properties were the subject of recent sales. The plaintiffs in action No. 1 alleged that their land had been reassessed as part of an ongoing "land equalization" program which was instituted by the defendants in the 1983-1984 tax year. As a result they claim that they will be forced to bear a disproportionate tax burden relative to the other property owners whose properties were not revalued within the same tax years. The plaintiffs in both actions Nos. 1 and 2 claim that such selective assessments are discriminatory, unconstitutional and illegal. As a result, they are seeking declaratory and injunctive relief as well as the recoupment of taxes which were levied in the 1985-1986 tax year as a result of the alleged practices.

We hold that the Supreme Court properly found that class action certification was inappropriate in a case such as this where governmental actions are involved and subsequent plaintiffs will be adequately protected under the doctrine of stare decisis *(Matter of Martin v Lavine,* 39 NY2d 72, 75; *Gandolfi v City of Yonkers,* 101 AD2d 188, *affd* 62 NY2d 995). The plaintiffs in actions Nos. 1 and 2 contend that class action is a superior method of adjudicating the controversy because it would serve to protect certain members of the proposed class who paid the increased assessment without registering a protest. We find this contention unavailing. Generally, a tax voluntarily paid may not be recovered *(City of Rochester v Chiarella,* 65 NY2d 92, 99; *Mercury Mach. Importing Corp. v City of New York,* 3 NY2d 418, 424-425; *Adrico Realty Corp. v City of New York,* 250 NY 29). Furthermore, we have previously held that nonprotesting taxpayers may not enhance

their tax refund claims through the use of a class action *(see, Gandolfi v City of Yonkers, supra).*

The attempt to distinguish *Gandolfi v City of Yonkers (supra)* is unpersuasive. Since the action was commenced on behalf of all similarly situated taxpayers, the plaintiffs in actions Nos. 1 and 2 claim that the commencement of the action constituted a notice of protest on behalf of all the proposed members of the class and the municipal agencies were put on notice that they may have to make refunds to all taxpayers whose properties had been reassessed during the period in question. We disagree.

As stated by the Court of Appeals in *Mercury Mach. Importing Corp. v City of New York (supra,* at 426): "The practical reason for holding payments of illegal taxes without protest to be voluntary * * * stems from problems of municipal finance. Where protest has been interposed, the municipality is notified that it may be obliged to refund the taxes and is required to be prepared to meet that contingency. If no protest has been lodged, it is generally assumed that taxes paid can be retained to meet authorized public expenditures, and financial provision is not made for contingent refunds" *(see also, Paramount Film Distrib. Corp. v State of New York,* 30 NY2d 415, *mot to amend remittitur granted* 31 NY2d 678, *rearg denied* 31 NY2d 709). The rule is intended to prevent a person who paid the tax with knowledge that the tax may be invalid from later choosing to bring an action at a time when a declaration of invalidity might have a drastic impact upon the public fisc *(see, Paramount Film Distrib. Corp. v State of New York, supra; Adrico Realty Corp. v City of New York, supra).*

Applying the above principles to the circumstances at bar, it is clear that a claim for a tax refund is personal to the taxpayer *(Gandolfi v City of Yonkers, supra,* at 198) and the question of the voluntariness of the payment of taxes would depend upon the circumstances under which the tax was paid. Moreover, in the absence of protest by the individual taxpayer, the municipality may reasonably rely upon the continued availability of any tax revenues which were paid without protest by any member of the proposed class. Thus, in the event the alleged assessments are held to be invalid, a finding that the commencement of these actions served as a notice of protest on behalf of all real estate taxpayers would be likely to have a drastic financial and administrative impact upon the municipality. Consequently we find that the commencement of an action purportedly on behalf of all similarly situated

taxpayers does not constitute an appropriate indicium of protest by each proposed member of the class.

Accordingly, the Supreme Court properly denied the motions for class action certification in actions Nos. 1 and 2.

The plaintiffs in action No. 3 are not aggrieved by the order which denied motions for class action certification in actions Nos. 1 and 2. Although the parties in all three actions stipulated to treat the decision on the motions which were made in actions Nos. 1 and 2 as binding in all three actions, the record does not indicate that a motion for class certification was made by the plaintiffs in action No. 3. Consequently, their appeal must be dismissed (see, CPLR 5511). Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.