OPINION OF THE COURT
Alan LeVine, J.
In this action for declaratory, injunctive and monetary relief plaintiffs seek leave to renew and, upon renewal, certification of this action as a class action, and an order granting partial summary judgment on the second cause of action for declaratory judgment. Defendants Shorris, Grayson, Biderman, Grotty and the City of New York cross-move for an order granting summary judgment dismissing the complaint. Codefendants Wetzler, Chu and Regan cross-move for an order granting summary judgment dismissing the complaint.
This action was commenced as a result of the March 28, 1989 decision of the United States Supreme Court in Davis v Michigan Dept, of Treasury (489 US 803). The Supreme Court held that Michigan’s tax scheme, which exempted from taxation all retirement benefits paid by the State or its political subdivisions, but levied an income tax on retirement benefits paid by all other employers, including the Federal Government violated Federal law. The court therein determined that 4 USC § 111 which permits nondiscriminatory State taxation of the compensation of Federal employees, applied to the retirement benefits of Federal retirees, and that this statute is coextensive with, and must be determined by reference to, the prohibition against discriminatory taxes embodied in the modern constitutional doctrine of intergovernmental tax immunity. The court therefore found that the Michigan statute violated the principles of intergovernmental tax immunity by favoring retired State and local governmental employees over retired Federal employees. In Davis (supra), Michigan conceded that under these circumstances a refund was appropriate, and therefore the court determined that Mr. Davis was entitled to a> refund. The court, however, made no determination as to whether its decision should be given retroactive effect, and whether the State must provide retrospective relief, such as a tax refund. Mr. Davis’ additional claim for prospective relief was left for determination by the State court.
Prior to Davis (supra), 24 States, including New York, had *462 tax statutes similar to that of Michigan. In New York, pursuant to article XVI, § 5 of the NY Constitution pensions paid to officers and employees of the State are exempt from taxation. The pensions of all other employers, including the Federal Government, were subject to taxation. In 1981, section 612 (c) (3-a) was added to the Tax Law, exempting from income tax the first $20,000 in pension income received by retirees who attained the age of 59 Vi. Recipients of State and local government pensions, however, remained exempt from taxation pursuant to the State Constitution, and section 612 (c) (3) of the Tax Law.
Following Davis (supra), section 612 (c) (3) of the Tax Law was amended to exempt from taxation the pensions of Federal employees. (Tax Law § 612 [c] [3] [i], [ii].) This amendment became effective immediately on July 21, 1989 and applied to Federal pension benefits received in taxable years beginning January 1, 1989. Directives issued by the Department of Taxation and Finance provided that any person who may have made a quarterly tax payment during 1989 which was based on a calculation including a tax on a Federal pension would be entitled to a tax credit. The amendment to section 612 (c) (3) of the Tax Law was prospective only, and made no provision for retrospective relief for income taxes paid on Federal pension benefits received prior to January 1, 1989. Section 612 (c) (3-a) remains in effect, and is applicable to taxes which were paid or remain due and owing on Federal pension benefits which were received prior to January 1, 1989. Administrative Code of the City of New York § 11-1712 (c) (3) was amended in an identical fashion to exempt Federal pension benefits from taxation by the City of New York.
This action was commenced prior to the July 1989 amendments to the State Tax Law and the Administrative Code of the City of New York. A second amended complaint was served in December 1989. Plaintiffs Eugene H. Duffy, James Sweezy and Fernando S. Maura are former employees of the Federal Government and each receive Federal retirement benefits. Coplaintiffs Alice Duffy and Agnes Sweezy are the wives of Eugene Duffy and James Sweezy, respectively, and are named as plaintiffs herein solely as their status as joint tax return filers with their respective husbands. Mr. and Mrs. Duffy previously resided in Suffolk County and are currently residents of Queens County. Mr. Duffy is over the age of 59 Vi years and filed joint New York State income tax returns for the years 1986 through 1988. Mr. and Mrs. Sweezy are resi *463 dents of Queens County and filed joint New York City and New York State income tax returns for the years 1986 through 1988. Mr. Sweezy is also over the age of 59 Vi years. Mr. Maura is a resident of White Plains, New York, is under the age of 59Vz years, and filed New York State income tax returns for 1986 through 1988. Plaintiffs commenced this action, individually and as representatives of all Federal pensioners similarly situated. Defendants James W. Wetzler, the present New York State Commissioner of Taxation and Finance, and former State Commissioner Roderick Chu, and Edward V. Regan, Comptroller of the State of New York (hereinafter State defendants), are being sued in their individual and official capacities. Codefendants Anthony Shorris, the present Commissioner of Finance of the City of New York, and former Commissioners Stanley E. Grayson, Abraham Biderman, and Paul Grotty (hereinafter City defendants) are also being sued in their individual and official capacities. The City of New York is also named as a codefendant.
Plaintiffs assert that section 612 (c) (3-a) of the Tax Law which imposes a State income tax on Federal pensions received prior to January 1, 1989, subject to a $20,000 deduction for recipients 59 years old, is unconstitutional and illegal in light of Davis (489 US 803, supra). Plaintiffs’ first cause of action for damages under 42 USC § 1983 alleges a civil rights violation based on the City and State defendants’ alleged refusal to recognize and grant plaintiffs’ right to a refund of unlawfully collected taxes. It is alleged that the City and State defendants acted in their individual and official capacities, and plaintiffs seek damages "in the amount equal of all monies unlawfully paid to and/or collected” by defendants as New York City and State income taxes on their retirement benefits during the years 1986 to the present. Plaintiffs have made no demand on defendants for a declaration of invalidity and unconstitutionality and allege that this would be useless and futile.
Plaintiffs, in their second cause of action, seek a declaration to the effect that: (i) the taxing scheme imposed by the State and City of New York prior to 1989 which imposed an income tax on their Federal pension benefits while exempting the pensions of State and local retirees, is invalid and unconstitutional under 4 USC § 111, article VI, clause 2 of the United States Constitution, the Fourteenth Amendment of the United States Constitution, and principles of intergovernmental tax immunity; (ii) that plaintiffs are entitled to damages in the *464 amount of all income taxes paid or collected from 1986 to the present on such benefits; (iii) that the further collection or enforcement of such income taxes attributable to any tax year prior to 1989 is invalid and unconstitutional; and (iv) refund rights granted to taxpayers for individual income taxes illegally collected may not be qualified by permitting such refunds only prospectively.
The third cause of action seeks injunctive relief against the further collection of the alleged unconstitutional tax imposed on Federal pensions for the years prior to 1989. The fourth cause of action is against defendant City of New York for money had and received.
Plaintiffs now seek leave to renew and, upon renewal, seek an order granting class certification pursuant to CPLR 901 and 902. Plaintiffs further seek an order granting summary judgment on the second cause of action for declaratory judgment. The City defendants and the City of New York, and the State defendants each cross-move for summary judgment dismissing the complaint in its entirety on the grounds that it fails to state a cause of action.
Plaintiffs’ request for renewal is granted, as issue has now been joined and, upon renewal, the request for class certification is denied. Plaintiffs’ reliance on post -Davis (supra) class action litigation in sister States, as well as their attempts to distinguish Brady v State of New York (Sup Ct, Albany County, Aug. 23, 1989, Prior, J.), and Matter of Crociata v State Tax Commn. (133 Misc 2d 855, affd 134 AD2d 112, affd 73 NY2d 726), are unpersuasive. It is well settled that class action certification is inappropriate in a case such as this where governmental actions are involved and subsequent plaintiffs will be adequately protected under the doctrine of stare decisis. (Matter of Crociata v State Tax Commn., supra; Conklin v Town of Southampton, 141 AD2d 596.) Plaintiffs have failed to demonstrate that this case presents an exception to this well-established rule. Plaintiffs contend that class action is a superior method of adjudicating this controversy because the governmental entities cannot be trusted with the welfare of these Federal retirees. The court finds this argument unavailing. While the taxing authorities have taken the position that Davis (supra) does not apply retroactively and therefore does not require a tax refund, plaintiffs’ assertion that the defendants will refuse to grant such refunds if so ordered is purely speculative.
*465 Furthermore, while plaintiffs purportedly seek money damages pursuant to 42 USC § 1983, it is clear from the complaint that plaintiffs are in fact seeking a declaratory judgment, injunctive relief and a tax refund. Class action status, therefore, is inappropriate. A class action may not be used to protect members of the proposed class who paid the tax without registering a protest. Generally, a tax voluntarily paid may not be recovered. (City of Rochester v Chiarella, 65 NY2d 92, 99; Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418, 425; Adrico Realty Corp. v City of New York, 250 NY 29.) In addition, nonprotesting taxpayers may not enhance their tax refund claims through the use of a class action. (Gandolfi v City of Yonkers, 101 AD2d 188, affd 62 NY2d 995.) Finally, it is clear that a claim for a tax refund is personal to the taxpayer. (Gandolfi v City of Yonkers, supra, at 198; Conklin v Town of Southampton, supra.) The court, therefore, finds that the commencement of this action purportedly on behalf of all similarly situated taxpayers does not constitute an appropriate indication of protest by each proposed member of the class. (Conklin v Town of Southampton, supra, at 598-599.)
The Davis (supra) decision mandates that this court declare that the City and State personal income tax scheme, which taxed Federal pension benefits, while exempting State and local pension benefits, is discriminatory, unconstitutional and invalid. Contrary to defendants’ assertions, the Legislature in enacting section 612 (c) (3) (ii) of the Tax Law, and section 11-1712 (c) (3) of the Administrative Code did not repeal or annul the former taxing provisions. These amendments are prospective only and exclude from taxation Federal pension benefits received on January 1, 1989 or later. Thus, Federal pension benefits received in years prior to 1989 remain subject to taxation and collection to the extent that the Statute of Limitations applies.
The Supreme Court in Davis (supra) did not announce whether its decision had retrospective or prospective application. In Davis (supra) Michigan conceded that the taxpayer was entitled to a refund and therefore the court made no further pronouncements on the issue of a refund. The Supreme Court in citing Iowa-Des Moines Bank v Bennett (284 US 239, 247), indicated that to the extent that the taxpayer paid taxes pursuant to an invalid tax scheme, he was entitled to a refund. Defendants, however, in view of this uncertainty argue that this court should apply the test announced in *466 Chevron Oil Co. v Huson (404 US 97), and apply Davis prospectively only, thereby denying plaintiffs a refund.
The court finds that it need not determine whether Davis (supra) should have prospective or retroactive application, as the question of entitlement, method and extent of a tax refund is governed by New York’s Tax Law. New York has waived its sovereign immunity to the extent provided by section 687 (a) of the Tax Law, which provides in pertinent part: "Claim for credit or refund of an overpayment of income tax shall be filed by the taxpayer within three years from the time the return was filed or two years from the time the tax was paid, whichever of such periods expires the later”. The term "overpayment” is not defined in the Tax Law. However, section 607 (a) of the Tax Law provides that any term used in the Tax Law is deemed to have the same meaning as when used in a comparable tax of the Federal income tax law. Thus, in construing section 6511 of the Internal Revenue Code (26 USC §6511), which is comparable to section 687 of the Tax Law, it has been held that overpayments arising out of the payment of a tax later held to be unconstitutional are recoverable in the same manner as other overpayments, provided that a timely claim is filed. (Jones v Liberty Glass Co., 332 US 524, reh denied 333 US 850; Kavanagh v Noble, 332 US 535, reh denied 333 US 850; Wisconsin Natl. Life Ins. Co. v United States, 42 F2d 316; cf., City of Rochester v Chiarella, 65 NY2d 92, supra; Niagara Mohawk Power Corp. v City School Dist., 59 NY2d 262.)
Defendants assert that a tax refund is not mandated here, as the Court of Appeals has permitted municipalities to .retain revenues collected under unconstitutional real property taxes and have given such statutes prospective application only. (Hurd v City of Buffalo, 41 AD2d 402, affd 34 NY2d 628; Matter of Slewett & Farber v Board of Assessors, 54 NY2d 547; Bethlehem Steel Corp. v Board of Educ., 61 AD2d 147, affd 44 NY2d 831; Matter of Hellerstein v Assessor of Town of Islip, 37 NY2d 1.) This line of cases, however, is clearly distinguishable from the case at bar. Each of these cases involved a challenge to real property tax assessment rolls used by the various localities pursuant to the Real Property Tax Law. The Court of Appeals in Foss v City of Rochester (65 NY2d 247), Hellerstein (supra), and Hurd (supra) did not require refunds of improperly or over-assessed property as this would have required the localities to reassess all of the property in those localities, equalize the assessments, locate the property owners *467 and make the appropriate refunds or demands for the additional payment of taxes. Moreover, these localities depended upon the real property tax assessments to formulate and adopt a budget, and these revenues had already been spent.
In contrast, the case at bar involves the right to a refund of personal income taxes. This court has failed to discover a single reported case in which the courts of this State have refused to refund moneys collected pursuant to a provision of the Tax Law or, more specifically, the personal income tax provisions of article 22, which was later declared unconstitutional. Accordingly, the cases relied upon by defendants fail to provide a basis for a denial of a refund of personal income taxes paid under an unconstitutional taxing scheme. In addition, the obvious and substantial differences between real property taxes and personal income taxes militate against the application of this line of cases to income tax cases. Personal income taxes are paid into the general revenue and defendants do not claim that the State or City relied upon the taxation of Federal pension benefits in the formulation of their respective budgets. While the court is mindful of the current budgetary crisis facing the State and City, it is constrained to declare that if plaintiffs meet the procedural requirements, they are entitled to a refund to the extent they paid taxes on Federal pension benefits which were included in their personal income tax returns for the years 1986 through 1988.
Turning now to defendants’ cross motions for summary judgment, the request to dismiss the first cause of action for damages pursuant to 42 USC § 1983 is granted. Plaintiffs, in their complaint, allege that the City defendants, in their official and individual capacities, violated plaintiffs’ rights under 4 USC § 111 and the Constitution, by subjecting them to a discriminatory tax scheme, and by refusing to recognize and grant plaintiffs clearly established right to a refund of the unlawfully collected taxes.
At the outset, the court notes that plaintiffs may not maintain an action for damages against the State of New York, or against the State defendants, in their official capacities, pursuant to 42 USC § 1983. (Will v Michigan Dept. of State Police, 491 US 58.) Municipal entities and their officials, however, may be sued in their official and individual capacities. (Monell v New York City Dept. of Social Servs., 436 US 658.)
*468 The collection and administration of New York City’s personal income tax, as well as refunds of such tax, was taken over by the State of New York in 1975. (Administrative Code of City of New York § 11-1797 [a]; § 11-1798.) The State Tax Commissioner is charged with the administration and enforcement of the City personal income tax, and all refunds of said tax are paid by the State Comptroller out of a reserve fund established for that purpose. Plaintiffs have failed to establish that the City of New York and the City defendants engaged in any conduct concerning the enforcement of the challenged tax scheme, the collection of taxes, or the right to a refund. The City defendants therefore may not be sued under section 1983 for functions which are performed by State tax officials. Plaintiffs’ section 1983 claims against the City defendants and the City of New York are therefore dismissed.
The thrust of plaintiffs’ section 1983 claims against the State defendants is that under State law, plaintiffs were required to pay personal income taxes on their Federal pensions benefits from 1986 through 1988. Plaintiffs allege that the State law violated 4 USC § 111 and the doctrine of intergovernmental tax immunity and that this should have been clear to the State defendants prior to Davis (489 US 803, supra). Plaintiffs further assert that following Davis, the State defendants failed to grant plaintiffs a refund of those taxes. Plaintiffs, however, have failed to establish that they paid the taxes in question due to any personal action taken against them by the State defendants. Rather, the taxes paid by plaintiffs were imposed by State law, and defendants Wetzler, Chu and Regan were not personally involved in the collection and assessment of plaintiffs’ State personal income taxes. There has been no showing that any of the State defendants personally engaged in any activity in connection with the taxation of Federal pensions so as to give rise to a section 1983 claim. The fact that these defendants were or are in a high position of authority is an insufficient basis for the imposition of personal liability. (McKinnon v Patterson, 568 F2d 930, 934; see generally, Canton v Harris, 489 US 378.)
In addition, the court notes that defendant Chu left the office of Commissioner of the Department of Taxation and Finance approximately nine months prior to the Davis decision (supra). Thus, it is clear that defendant Chu was not involved in any decision regarding post -Davis refunds. As this court has previously stated, Davis did not establish a clear right to retrospective relief, such as a tax refund. Moreover, in *469 the absence of a refund demand by plaintiffs prior to the commencement of this action, no such refund could be certified by defendant Wetzler or issued by defendant Regan. Therefore, in the absence of a factual showing that the State defendants acting under color of State law participated individually in a civil rights violation, plaintiffs’ section 1983 claim must be dismissed. (Al-Jundi v Estate of Rockefeller, 885 F2d 1060; Williams v Smith, 781 F2d 319, 323-324; Taylor v Mayone, 626 F2d 247.) In view of the foregoing this court need not reach plaintiffs’ claims of due process and equal protection, or defendants’ defenses of exhaustion of administrative remedies and qualified immunity.
That branch of defendants’ cross motions which seek to dismiss plaintiffs’ third cause of action for injunctive relief is denied. Contrary to defendants’ assertions, this cause of action is not moot, as New York’s taxing scheme which taxes Federal pension benefits received prior to January 1, 1989 has not been annulled or repealed. In view of the fact that this court has declared this tax scheme to be invalid and unconstitutional, and has declared that plaintiffs may seek a refund of taxes paid on Federal pension benefits from 1986 through 1988, reverse summary judgment granting injunctive relief is appropriate. The State defendants are therefore enjoined from assessing and collecting personal income taxes on Federal pension benefits which may be due and owing for the years 1986 through 1988, and are further enjoined from interfering with plaintiffs’ right to file for a refund of personal income taxes paid on Federal benefits for the years 1986 through 1988.
Finally, that branch of defendant City of New York’s cross motion to dismiss plaintiffs’ fourth cause of action for money had and received is granted. An action for money had and received may be used to recover taxes which have been collected in violation of constitutional authority. (Matter of Trizec W. v City of New York, 66 NY2d 807.) However, it is incumbent upon the taxpayer to establish appropriate legal protest prior to or at the time of payment as a prerequisite to recovery in an action seeking refunds. (See, City of Rochester v Chiarella, 58 NY2d 316; Zuckerman v City of New York, 49 NY2d 557; Angelone v City of Rochester, 72 AD2d 445, affd 52 NY2d 982; Bethlehem Steel Corp. v Board of Educ., 61 AD2d 147, affd 44 NY2d 831, supra.) While the commencement of a declaratory judgment action to challenge an assessment under a tax statute may constitute sufficient protest, ordinarily *470 protest must be made at the time of payment for each year in which recovery is sought. (See, City of Rochester v Chiarella, supra; Riverdale Country School v City of New York, 13 AD2d 103, affd 11 NY2d 741.) This requirement is also satisfied when the pendency of either a declaratory judgment action or other legal proceeding challenging the assessment is still pending at the time of payment in each year in which recovery is sought. (Corporate Prop. Investors v Board of Assessors, 153 AD2d 656.) In the case at bar, plaintiffs have failed to establish compliance with the protest requirement. No protest was made by plaintiffs at the time they paid personal income taxes on Federal pension benefits received in the years 1983 through 1988. Furthermore, the within action was not commenced until May 8, 1989 which was after plaintiffs paid personal income taxes due on April 17, 1989, for Federal pension benefits received in 1988. Therefore, no action was pending at the time of payment for the years in which recovery is now sought.
In view of the foregoing, plaintiffs’ motion for renewal is granted, and upon renewal, the request for class certification is denied. That branch of plaintiffs’ motion which seeks partial summary judgment on the second cause of action for declaratory judgment is granted, and it is the declaration of this court that: (1) The City and State personal income tax scheme which taxed Federal pension benefits received prior to January 1, 1989, while exempting from taxation State and local pension benefits, is discriminatory, invalid and unconstitutional in light of Davis (489 US 803, supra); (2) the City and State defendants therefore may not assess and collect personal income taxes on Federal pension benefits received in the years 1986 through 1988, which may be still due and owing; (3) plaintiffs are entitled to a refund of that portion of their personal income taxes which was paid on Federal pension benefits for the years 1986 through 1988, provided that they file for a refund and meet the procedural requirements for a refund under the Tax Law.
The City defendants’ and the City of New York’s cross motion to dismiss the complaint is granted as to the first and fourth causes of action, and is denied as to the third cause of action. The State defendants’ cross motion to dismiss the complaint is also granted as to the first cause of action and is denied as to the third cause of action. Reverse summary judgment in favor of the plaintiffs is granted on the third cause of action, and the City and State defendants are en *471 joined from assessing and collecting personal income taxes on Federal pension benefits for the years 1986 through 1988, which may still be due and owing. Defendants are further enjoined from interfering with or refusing to grant plaintiffs a refund of personal income taxes paid on Federal pension benefits for the years 1986 through 1988, provided that plaintiffs meet all the procedural requirements for a refund under the Tax Law. Finally, defendants’ request for sanctions is denied.