■ EUGENE H. DUFFY, on Behalf of Himself and All Others Similarly Situated, et al., Appellants, v JAMES W. WETZLER et al., Respondents. [688 NYS2d 659] —In a consolidated action, *inter alia,* for injunctive and monetary relief, and challenging the constitutionality of Tax Law § 612 (c) (former [3]) and Administrative Code of the City of New York § 11-1712 (c) (former [3]), the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated January 14, 1998, which granted the defendants' motions to dismiss the complaint and denied their cross motion, *inter alia,* for leave to amend the complaint and, in effect, to reargue their prior motion for class certification.

Ordered that the appeal from so much of the order as denied that branch of the plaintiffs' motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The facts and procedural history of this case dating from 1989 through 1995 are set forth in *Duffy v Wetzler* (148 Misc 2d 459, *affd as mod* 174 AD2d 253, *lv denied* 80 NY2d 890, *after remand cert denied* 513 US 1103), and will not be repeated here.

While appeals in *Duffy v Wetzler* (148 Misc 2d 459, *supra*) (hereinafter *Duffy*) were pending, the attorneys for the *Duffy* plaintiffs commenced a nearly identical action in the Supreme Court, New York County, known as *Alderman v Wetzler* (hereinafter *Alderman*). Pursuant to a so-ordered stipulation dated June 28, 1995, Duffy and Alderman were consolidated

for all purposes in the Supreme Court, Queens County. In March 1997 the defendants moved pursuant to CPLR 3211 (a) (5) to dismiss the consolidated action on the grounds of res judicata, collateral estoppel, and payment. The plaintiffs cross-moved, *inter alia*, for leave to amend the complaint and, in effect, for leave to reargue a prior motion for class certification.

The Supreme Court properly denied that branch of the plaintiffs' cross motion which was for leave to amend the complaint by adding several factual allegations and two new causes of action. Although leave to amend a pleading should be freely given (*see,* CPLR 3025 [b]), leave is properly denied where, as here, the proposed amendments are devoid of merit and are legally insufficient (*see, Matter of Consolidated Edison Co. [Neptune Assocs.],* 143 AD2d 1012, 1014; *Norman v Ferrara,* 107 AD2d 739, 740), and where, in addition, there has been an extensive and unexplained delay in making the motion (*see, Beuschel v Malm,* 114 AD2d 569; *Smith v Sarkisian,* 63 AD2d 780, 781, *affd* 47 NY2d 878).

That branch of the plaintiffs' motion which was denominated as one for leave to renew or reargue a prior motion for class certification was not based on new facts which were unavailable at the time of the original motion, and therefore the motion was actually one to reargue, the denial of which is not appealable (*see, Marine Midland Bank v Freedom Rd. Realty Assocs.,* 203 AD2d 538, 539; *Matter of Kadish v Colombo,* 121 AD2d 722).

The Supreme Court properly dismissed the complaint on the ground of payment. The plaintiffs' conclusory allegations that the defendants failed to pay full refunds plus interest to all Federal retirees who filed timely refund claims are unsupported by the record. To the extent that the plaintiffs continue to seek refunds for late or unfiled claims, it should be noted that such a cause of action is personal to the taxpayer and that only those who filed an appropriate protest may obtain a tax refund (*see, Gandolfi v City of Yonkers,* 101 AD2d 188, 198-199, *affd* 62 NY2d 995). The commencement of a class action, purportedly on behalf of all similarly-situated taxpayers, is not a sufficient indication of protest by each proposed member of the class (*see, Conklin v Town of Southampton,* 141 AD2d 596, 598-599).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Thompson, Krausman and Luciano, JJ., concur. [*See,* 175 Misc 2d 231.]