■ JOHN BINNS et al., Appellants, v MARK A. BILLHIMER, Defendant, and MARLENE L. BUDD, Respondent. [706 NYS2d 706] —In an action to recover on a promissory note brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), dated March 8, 1999, which denied the motion and continued a temporary restraining order contained in an order to show cause dated July 23, 1998, which enjoined the plaintiffs from disbursing or disposing of funds from the sale of certain real property.

Ordered that the order is modified by deleting the provision thereof continuing the temporary restraining order contained in the order to show cause dated July 23, 1998, and substituting therefor a provision vacating the temporary restraining order; as so modified, the order is affirmed, without costs or disbursements.

In 1998 the plaintiffs commenced this action by service of a motion for summary judgment in lieu of complaint (*see,* CPLR 3213) against the defendants Mark A. Billhimer and Marlene L. Budd on a promissory note for a $30,000 loan made to Billhimer. The plaintiffs claimed that Budd, Billhimer's former wife, was liable on the promissory note based on a personal guarantee allegedly executed by her. Budd contended that she never executed a personal guarantee and that her signature on the guarantee was a forgery. Judgment was entered against Billhimer and the matter proceeded to a hearing on the issue of the genuineness of Budd's signature.

In the interim, Budd attempted to sell the house she owned with Billhimer only to discover that the judgment entered by the plaintiffs against Billhimer now acted as a lien against the property. The plaintiffs agreed to release the lien if Budd agreed to pay the net proceeds of the sale to them in satisfaction of the judgment against Billhimer. After Budd agreed to this proposal, she moved for a preliminary injunction in the

instant action to prohibit the plaintiffs from disposing of or disbursing the net proceeds, i.e., $10,000, pending final determination of the action.

After a hearing, the Supreme Court concluded that the plaintiffs did not meet their burden of establishing that Budd signed the personal guarantee, and continued the temporary restraining order enjoining the plaintiffs from disbursing the $10,000.

It is well settled that a decision reached by a court after a nonjury hearing should not be disturbed on appeal unless it is clear that its conclusion could not have been reached under any fair interpretation of the evidence (*see, KBF Pollution Mgt. v Interstate Litho Corp.,* 213 AD2d 452, 453; *Kapoor v Jaggi,* 191 AD2d 479, 480, 481). The determination of the Supreme Court, that the plaintiffs failed to prove that the signature on the guarantee was Budd's, was based on a fair interpretation of the evidence. Therefore, the Supreme Court's determination should not be disturbed.

The Supreme Court, however, erred in granting Budd injunctive relief (*see, Seebaugh v Borruso,* 220 AD2d 573, 574; *Arvay v New York Tel. Co.,* 81 AD2d 600; 12A Carmody-Wait 2d, NY Prac § 78:119, at 236). Accordingly, the temporary restraining order should be vacated. Friedmann, J. P., McGinity, Luciano and Feuerstein, JJ., concur.