■ In the Matter of the Estate of ROBERT FRANKEL, Deceased. WILBUR F. BRESLIN, Appellant; ADELE FRANKEL-LOEB, Respondent. [739 NYS2d 298] —In a proceeding pursuant to SCPA 2103 to discover property allegedly withheld from an estate, Wilbur F. Breslin, executor of the estate of Robert Frankel, appeals from a decree of the Surrogate's Court, Nassau County (Riordan, S.), dated February 7, 2001, which, after a nonjury trial, dismissed the proceeding.

Ordered that the decree is affirmed, with costs payable by the estate.

The Surrogate's Court properly determined that the release executed by Wilbur F. Breslin in favor of Adele Frankel-Loeb, the decedent's wife, as part of a settlement of various lawsuits, bound Breslin in his capacity as executor of the estate. It is well settled that a release is a contract and is subject to the laws governing contracts (*see, Mangini v McClurg,* 24 NY2d 556). It is equally well settled that with regard to the interpre-

tation of a general release, " 'its meaning and coverage necessarily depend, as in the case of contracts generally, upon the controversy being settled and upon the purpose for which the release was actually given' " (*Tarantola v Williams,* 48 AD2d 552, 554, quoting *Cahill v Regan,* 5 NY2d 292, 299; *see, Matter of Schaefer,* 18 NY2d 314, 317).

Breslin executed the release four days before his appointment as successor executor of the estate, in connection with the settlement of various lawsuits involving the affairs of the decedent. Under these circumstances, and based on the evidence adduced at the trial held pursuant to CPLR 3212 (c), the Surrogate's determination was supported by a fair interpretation of the evidence (*see, Binns v Billhimer,* 271 AD2d 562). The court correctly found that the release had no meaning outside the surrounding litigation, and therefore was intended to release all estate claims against Adele Frankel-Loeb.

Breslin's remaining contentions are without merit. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.