■ Ralph Neama et al., Respondents, v Town of Babylon, Commercial Garbage District No. 2, et al., Appellants. [796 NYS2d 644]—

In a proposed class action by commercial property owners to recover a portion of a special tax assessment, the defendants appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 14, 2003, which, upon a decision of the same court dated February 11, 2003, after a nonjury trial, in effect, pursuant to CPLR 3212 (c), among other things, granted those branches of the plaintiffs' motion which were for class action certification and summary judgment on the first, third, and fifth causes of action in the complaint and, in effect, denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting that branch of the motion which was for class action certification and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The Supreme Court properly conducted a nonjury trial, in effect, pursuant to CPLR 3212 (c) to determine issues of fact raised on the competing motions for summary judgment. A challenge to the validity of a tax assessment does not involve matters for a jury (see *Independent Church of Realization of Word of God v Board of Assessors of Nassau County*, 72 AD2d 554 [1979]). Moreover, the granting of summary judgment on the plaintiffs' equal protection and Town Law claims is supported by a fair interpretation of the evidence adduced at the trial and should not be disturbed (see *Matter of Frankel*, 292 AD2d 526 [2002]; *Binns v Billhimer*, 271 AD2d 562 [2000]).

However, we agree with the defendants' contention that the Supreme Court erroneously granted that branch of the plaintiffs' motion which was for class action certification pursuant to CPLR 901. A class action is not superior to an ordinary lawsuit where it is brought against a government entity since stare decisis will afford adequate protection to the members of the class (see *Matter of Martin v Lavine*, 39 NY2d 72 [1976]; *Conklin*

*v Town of Southampton,* 141 AD2d 596 [1988]). Furthermore, refunds are available only to those taxpayers who filed an appropriate protest (*see Duffy v Wetzler,* 260 AD2d 596 [1999]). This is because "[g]enerally, a tax voluntarily paid may not be recovered (*City of Rochester v Chiarella,* 65 NY2d 92, 99)" (*Conklin v Town of Southampton, supra* at 597). The plaintiffs failed to show that a majority of the proposed class—owners of improved commercial property in the defendant Commercial Garbage District No. 2—paid the disputed tax assessment under protest and, consequently, that they were similarly situated with other property owners in the proposed class (*see LaCarruba v Legislature of County of Suffolk,* 225 AD2d 671 [1996]; *Conklin v Town of Southampton, supra*). The commencement of a class action, purportedly on behalf of all similarly-situated taxpayers, is not a sufficient indication of protest by each proposed member of the class (*see Conklin v Town of Southampton, supra* at 598-599).

To the extent that the Supreme Court, in its decision dated February 11, 2003, calculated the amount to be returned to the aggrieved taxpayers, we note that a mathematical error inflated the recovery figure. Any judgment to be entered on that decision should reflect an overpayment of $741 in the special assessment charged to members of Commercial Garbage District No. 2 for the 1995 tax year, not $1,044.

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Adams, J.P., Krausman, Smith and Skelos, JJ., concur.