■ NORTH FORK HOUSING GUILD, INC., Respondent, v JOHN W. MACKAY, Appellant. (And a Third-Party Title.) — In an action to recover a brokerage commission, defendant appeals from an order of the Supreme Court, Suffolk County (Vaughn, J.), dated June 4, 1982, which denied his motion, *inter alia,* for summary judgment. Order reversed, on the law, with costs, that branch of defendant's motion which sought summary judgment granted, and plaintiff's

complaint dismissed. The plaintiff corporation was employed by defendant to sell his property known as Robin's Island. Plaintiff introduced the prospective purchasers, Jack Driscoll, George L. Penny, III, Stanley Waimey and Herbert B. Schaffron, to the defendant. Those persons entered into a contract with the defendant to purchase Robin's Island. The parties concede that both the contract of sale and the brokerage agreement contain a provision to the effect that the commission was to be payable only in the event title was actually transferred and the consideration paid. Title never closed and defendant then commenced a lawsuit against the purchasers to, *inter alia,* recover damages. The purchasers in turn brought their own action for specific performance. In the consolidated trial, the court found, *inter alia,* that title did not close because the purchasers defaulted and it allowed the seller to keep the down payment as liquidated damages. That determination was affirmed on appeal (*Mackay v Driscoll,* 74 AD2d 1004). Plaintiff corporation then commenced the instant action to recover its brokerage commission. Since the brokerage agreement states that no commission is due unless and until title closes, plaintiff at bar is not entitled to a commission unless it can show that the failure to complete the sale was the result of the seller's default (cf. *Wagner v Derecktor,* 306 NY 386, 390-391). In seeking summary judgment, defendant contends, *inter alia,* that plaintiff should be bound by the prior determination which found that title did not close because the purchasers defaulted. The reason plaintiff should be so bound is that plaintiff's president, Driscoll, who is also a shareholder of the plaintiff corporation, was a party to the prior action wherein defendant Mackay, as seller, sued the contract purchasers. Defendant accurately points out that a party sought to be collaterally estopped need not have been the one against whom the judgment was rendered but may also be someone in privity with that party (cf. *Matter of Shea,* 309 NY 605). The party against whom collateral estoppel is sought to be invoked bears the burden to demonstrate that it has not been afforded a full and fair opportunity to contest the prior decision (cf. *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). Plaintiff at bar has failed to adduce facts demonstrating that it was not in privity with Driscoll and that accordingly it should not be bound by the determination in the prior action which found that title did not close because the purchasers defaulted. Damiani, J. P., Gulotta, O'Connor and Rubin, JJ., concur.