■ BANKERS TRUST COMPANY, Appellant, v KUMAR S. JAVERI, Respondent. — Order, Supreme Court, New York County (B. McM. Wright, J.), entered March 21, 1984, denying plaintiff's motion for summary judgment in lieu of complaint, is unanimously reversed, on the law, with costs, and plaintiff's motion for summary judgment pursuant to CPLR 3213 is granted, and judgment is directed to be entered in favor of plaintiff against defendant for $169,000.45, together with interest and costs.

Plaintiff Bankers discounted three promissory notes for the payee and credited the payee's account therefor. The notes not having been paid at maturity, plaintiff sues defendant Javeri individually. The notes are all signed in the corporate name K & J Diamond Imports, Inc., and on the next line appears defendant Javeri's signature. Javeri says that he signed only in a representative capacity and is thus not personally obligated on the notes.

Subdivision (2) of section 3-403 of the Uniform Commercial Code provides: "(2) An authorized representative [Javeri] who signs his own name to an instrument * * * (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented [the corporation] but does not show that the representative signed in a representative capacity".

Each note here sued on "names the person represented [the corporation] but does not show that the representative [Javeri] signed in a representative capacity". Thus, Javeri is personally obligated unless he can come within the clause "except as otherwise established between the immediate parties". But that clause is inapplicable because this lawsuit is not "between the immediate parties". Plaintiff Bankers is not an immediate party but a transferee, indeed a holder in due course.

The affidavits establish that Bankers is a holder in due course having discounted the notes for a customer and credited the customer's account. There is no evidence that Bankers had any notice of any defense or of any claim that defendant Javeri was

signing only in a representative capacity. (See Uniform Commercial Code, § 3-302.) Even as between immediate parties, the "undisclosed intention" of a signer that he is not to be individually responsible is insufficient to defeat liability under section 3-403 (subd [2], par [b]) of the Uniform Commercial Code. (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 230.)

Furthermore, in two previous actions by Bankers against the corporate signer, it was adjudicated that Bankers was a holder in due course of these notes. Defendant is collaterally estopped, precluded, to question the determination in those actions that Bankers was a holder in due course. Although not nominally a party to the earlier actions, defendant was in privity with the corporate defendant in those actions within the meaning of the *res judicata* rules because defendant was the president of the corporation and actively participated in the defense of those actions, and thus had a full and fair opportunity to contest the issue. (*Matter of Shea,* 309 NY 605, 617; *Heller & Co. v Cox,* 343 F Supp 519, 524 [SDNY], affd *sub nom. Heller & Co. v Ocean Air Tradeways,* 486 F2d 1398; *North Fork Housing Guild v Mackay,* 97 AD2d 433, 434.) Concur — Sandler, J. P., Ross, Carro, Silverman and Kassal, JJ.