■ DIANNA M. SEEBAUGH, Appellant, v JAMES BORRUSO et al., Respondents. [632 NYS2d 800] —In an action, *inter alia*, for a judgment declaring the rights of the parties with respect to the use of a right-of-way, and a dock at the foot thereof, the plaintiff appeals from (1) stated portions of an order of the Supreme Court, Suffolk County (Seidell, J.), dated November 10, 1993, which, *inter alia*, granted the defendants' motion for summary judgment on the cause of action for a declaratory judgment and declared that the defendants are entitled to use the full 15-foot width of the right-of-way for reasonable ingress and egress to Senix Creek, and (2) an order of the same court dated June 17, 1994, which granted the defendants' motion for a preliminary injunction enjoining the plaintiff from interfering with their efforts to sell their home. The appeal from the order dated November 10, 1993, brings up for review so much of an order of the same court dated May 9, 1994, as, upon reargument, adhered to the determination in the order dated November 10, 1993 (*see*, CPLR 5517 [b]).

Ordered that the appeal from the order dated November 10, 1993, is dismissed, without costs or disbursements, as that or-

der was superseded by the order dated May 9, 1994, made upon reargument; and it is further,

Ordered that the order dated June 17, 1994, is reversed, without costs or disbursements, and the motion for a preliminary injunction is denied; and it is further,

Ordered that the order dated May 9, 1994, is affirmed insofar as reviewed, without costs or disbursements.

"It is fundamental that where the title in fee to both the dominant and servient tenements become vested in one person, an easement is extinguished [by merger]" (*Castle Assocs. v Schwartz*, 63 AD2d 481, 486; *see also, Riccio v De Marco*, 188 AD2d 847). An easement, however, may be renewed in a subsequent conveyance of either lot if sufficient language is used in the conveyance making clear an intent to recreate the easement de novo (*see, Parsons v Johnson*, 68 NY 62). Here, while the easement created in the 1955 deed was extinguished via merger when the dominant and servient estates came into common ownership in 1969, it was subsequently recreated de novo in 1970 when the common owner conveyed one parcel and reserved for himself the right to utilize the easement.

Insofar as every deed in the dominant chain of title contained a general appurtenance clause, the easement passed to all subsequent purchasers of the dominant estate, including the defendants herein (*see, Strnad v Brudnicki*, 200 AD2d 735).

We note, however, that in the absence of a counterclaim by the defendants which would provide the jurisdictional predicate for the granted relief (*see,* CPLR 6301), the Supreme Court was without the power to grant a preliminary injunction to the defendants (*see, Arvay v New York Tel. Co.*, 81 AD2d 600). Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.