OPINION OF THE COURT
C. Raymond Radigan, J.
In this proceeding, the court has imposed a constructive trust on the remainder of the Article fifth marital deduction trust on the ground that the now deceased surviving spouse of the decedent, Blanche O’Rourke, who died a resident of California, contrary to her agreement not to do so, exercised her general power of appointment over the Article fifth remainder for the *657 benefit of her descendants rather than permit them to be distributed in default of such exercise for the benefit of decedent’s descendants by a prior marriage (Matter of O’Rourke, Sur Ct, Nassau County, Sept. 11, 1995, decision No. 424).
The Article fifth trust funds are presently in the possession of the American Funds Service Company, a California corporation which has apparently been acting as custodian of such funds following their improper removal from this State without the permission of the court (see, SCPA 710 [4]). The decision of this court in imposing a constructive trust directed the "depository presently in possession of the funds” to turn over such assets to the trustee of the Article sixth trust to whom they are payable in default of the exercise of Blanche’s power of appointment. Presently a proposed decree and counterdecree have been submitted, the estate of Blanche S. O’Rourke contending that it is improper to direct the American Funds Service Company (American) to return the funds to this State by payment to the Article sixth trustee since American is not a party to these proceedings. However, the doctrine of collateral estoppel may apply to an individual even though not one against whom the judgment was rendered but who is someone in privity with a party (North Fork Hous. Guild v Mackay, 97 AD2d 433). In proceedings in California, both Fred D. Montgomery, as executor of the estate of Blanche S. O’Rourke, and American Funds Service Company stipulated that "American Funds Service Company, whose parent company is The Capitol Group, Inc., is a stakeholder only, and neither entity has an interest in the account in question.” It is seen therefore that American Funds Service Company has absolutely no interest in the outcome of this controversy and was not a necessary party to this proceeding, but at all times was merely an agent of the parties and consequently is bound by the decision of this court as are the parties themselves (Hughes v United Pipe Lines, 119 NY 423). Furthermore, the court enjoins Fred Montgomery and his agents and attorneys from in any way interfering with the transmission of these funds from California to New York and payment to the trustee of the Article sixth trust except upon a stay properly obtained.
While not covered in its decision, the court authorizes the Farrell Fritz firm to release to Innis O’Rourke, Jr., as trustee of the Article sixth trust, the sum of $50,000 plus interest *658 which it has been holding in escrow pursuant to the order of this court dated March 23, 1995. A provision to that effect has been inserted in the petitioner’s proposed decree which will be signed by the court.