■ In the Matter of the Estate of INNIS O'ROURKE, SR., Deceased. INNIS O'ROURKE, JR., Respondent; FREDERICK D. MONTGOMERY, Appellant; INNIS O'ROURKE, III, et al., Respondents. [648 NYS2d 704] —In a proceeding, *inter alia,* to impose a constructive trust upon the assets of a trust established by "ARTICLE FIFTH" of the will of Innis O'Rourke, Sr., the appeal is from (1) a decision of the Surrogate's Court, Nassau County (Radigan, S.), dated September 11, 1995, which, after a nonjury trial, is in favor of the petitioner, (2) an order of the same court, dated October 17, 1995, which, *inter alia,* directed the holder of $50,000 in assets of the "ARTICLE FIFTH TRUST" to pay those assets to the trustee of a trust created by "ARTICLE SIXTH" of the will of Innis O'Rourke, Sr., and (3) a decree of the same court, dated October 17, 1995, which granted the petition to the extent of imposing a constructive trust on the "ARTICLE FIFTH TRUST" and ordering the transfer of the assets in the "ARTICLE FIFTH TRUST" to the "ARTICLE SIXTH TRUST."

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the decree is affirmed; and it is further,

Ordered that the petitioner-respondent is awarded one bill of costs payable by the estate of Blanche S. O'Rourke.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in the proceeding (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the decree (CPLR 5501 [a] [1]).

Innis O'Rourke, Sr., executed a will in 1970 which, inter alia, created a trust consisting of the principal of the estate for the benefit of his third wife, Blanche, during her lifetime. That trust, called the "ARTICLE FIFTH TRUST," also granted to Blanche a general power of appointment which permitted Blanche to bequeath the trust principal to any person she chose upon her death. Under estate tax law, the creation of such a trust with the general power of appointment permitted the estate to claim a marital deduction of a portion of the estate's principal; payment of the estate taxes were, therefore, deferred to the estate of the beneficiary of the trust. Under "ARTICLE SIXTH" of Innis O'Rourke, Sr.'s, will, if Blanche did not exercise her power of appointment, upon her death the residuary Article Fifth Trust would pass to Innis O'Rourke, Sr.'s, descendants from a prior marriage.

The petitioner, Innis O'Rourke, Jr., seeks to enforce an alleged oral agreement by Blanche, made to Innis O'Rourke, Sr., in 1970, before he executed his will, not to exercise her power of appointment to ensure that his descendants would receive the benefit of his estate upon Blanche's demise. Innis O'Rourke, Jr., alleged that Blanche had breached this agreement because in her last will, which was probated in California in 1993, Blanche exercised the power of appointment for the benefit of her own children from a prior marriage. Frederick D. Montgomery, Blanche's son and the executor of her estate, opposed the petition on the ground, inter alia, that Blanche never agreed to refrain from exercising her power of appointment.

A constructive trust may be imposed when " 'property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (Sharp v Kosmalski, 40 NY2d 119, 121). To prove that the imposition of a constructive trust is warranted, the petitioner must offer evidence of (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (see, Sharp v Kosmalski, supra, at 121; see also, Simonds v Simonds, 45 NY2d 233, 242). There must be evidence that as between the two parties to the transactions and under the surrounding circumstances, any enrichment is unjust. Thus, the unjust enrichment may not be

determined from a limited inquiry confined to an isolated transaction, but rather it must be a realistic determination based upon a broad view of the human setting involved *(see, McGrath v Hilding,* 41 NY2d 625).

The record indicates that Blanche reached an understanding with Innis O'Rourke, Sr., before he signed his will in 1970, that she would not exercise her power of appointment, and he relied upon that understanding when he structured his will to create the marital deduction trust with the general power of appointment and the residual trust for his descendants. Blanche violated that understanding which resulted in the unjust enrichment of her own children at the expense of Innis O'Rourke, Sr.'s, descendants. Under all of the surrounding circumstances, there was sufficient evidence to justify the imposition of a constructive trust.

We have examined the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur. *[See,* 166 Misc 2d 656.]