■ PENNSYLVANIA LUMBERMENS MUTUAL INSURANCE COMPANY, Respondent, v FBE/MHP PARTNERS CORP., Appellant. [680 NYS2d 16] —In an action, *inter alia*, for the imposition of a constructive trust, the defendant appeals from an order of the Supreme Court, Rockland County (Meehan, J.), entered September 8, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The property in question, a lumberyard, was owned by a partnership known as A & J Holding Co. (hereinafter A & J), and was subject to several mortgages held by the Union State Bank (hereinafter the Bank). A & J was required, *inter alia*, to maintain fire insurance for the property, with the policy identifying the Bank as the mortgagee.

The plaintiff, Pennsylvania Lumbermens Mutual Insurance Company (hereinafter Lumbermens), provided insurance coverage for the subject property, but when the mortgagor failed to pay the premiums, Lumbermens cancelled the policy. However, Lumbermens failed to notify the Bank of the lapse in coverage, and there was no insurance in place when the subject property was destroyed by fire several months thereafter.

The Bank obtained partial recovery from its errors and omissions carrier, Reliance Insurance Company (hereinafter Reliance), and thereafter assigned to Reliance the right to sue Lumbermens for breach of its obligation to notify the Bank of the lapse of the mortgagor's insurance. Lumbermens ultimately paid a settlement to Reliance and as part of that agreement, which was also executed by the Bank, Lumbermens was granted Reliance's right to receive a portion of the proceeds of the foreclosure action instituted by the Bank. Pursuant to the

terms of the assignment and the settlement, in essence, after the Bank and Reliance were made whole, Lumbermens could recover a portion of the surplus generated by the foreclosure sale. In a separate deal, the Bank assigned its rights in the pending foreclosure action to the defendant, subject to, in effect, the rights created by the prior agreements.

There were no bidders at the resulting foreclosure sale and the defendant purchased the property for one dollar. Inasmuch as the foreclosure sale did not generate sufficient proceeds, there was no surplus payable to Lumbermens, which then commenced this action, arguing, *inter alia,* that the defendant was obligated to protect its interests by bidding up the property at the foreclosure sale so as to ensure that a surplus was earned from which Lumbermens might have some measure of recovery. Faulting the defendant for its failure to do so, Lumbermens claimed, *inter alia,* to be entitled to the imposition of a constructive trust over the property. We disagree.

Contrary to Lumbermens' contentions, the various assignments and agreements pertinent to this appeal granted it only a limited, contingent right to receive a certain portion of the proceeds from the foreclosure sale in the event that the sale generated sufficient proceeds. The sale did not generate sufficient proceeds and the defendant, the Bank's assignee, undertook no independent obligation at the foreclosure sale to protect Lumbermens' interests by bidding up the property so as to ensure that the proceeds were sufficient to generate a recovery for it. Lumbermens took its rights from Reliance pursuant to their settlement agreement at its peril. It may not fault the defendant for failing to assume obligations that were not undertaken pursuant to its assignment from the Bank (*see, Hudson Eng'g Assocs. v Ames Dev. Corp.,* 228 AD2d 477; *see also, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; 6A NY Jur 2d, Assignments, § 73).

Furthermore, none of the requisite elements of a constructive trust is present in this case. A constructive trust will be imposed "[w]hen property has been acquired in such circumstances that the holder of legal title may not in good conscience retain the beneficial interest" (*Beatty v Guggenheim Exploration Co.,* 225 NY 380, 386). There are four requirements for the imposition of a constructive trust: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*Sharp v Kosmalski,* 40 NY2d 119; *Matter of O'Rourke,* 232 AD2d 642). Here, the defendant had no dealings whatsoever with Lumbermens; no confidential or fiduciary relationship existed. The defendant promised Lum-

bermens nothing, and Lumbermens made no transfer in reliance thereupon. Finally, the defendant is not unjustly enriched by realizing the benefits of its bargain with the Bank; it paid $256,357.12 for the Bank's right to foreclose. Accordingly, Lumbermens is not entitled to either the imposition of a constructive trust or to any other relief from the defendant.

We have reviewed Lumbermens's remaining contentions and find them to be without merit. Bracken, J. P., Miller, O'Brien and Santucci, JJ., concur.