■ JOHN PLUCHINO, Appellant, v NADINE PLUCHINO, Respondent. [759 NYS2d 685] —In an action for a divorce and ancillary relief, the plaintiff husband appeals (1) from an order of the Supreme Court, Queens County (Gavrin, J.), dated May 21, 2002, which partially denied his motion to vacate or modify an income deduction order, and (2), as limited by his brief, from so much of an order of the same court dated May 22, 2002, as (a) upon granting his motion for leave to renew and reargue the defendant wife's prior motion for pendente lite relief, which was granted by order of the same court dated February 4, 2002, adhered to the original determination, and (b) granted that branch of the defendant wife's cross motion which was for leave to enter a judgment against him based on the pendente lite relief awarded to her by the order dated February 4, 2002.

Ordered that the order dated May 21, 2002, is affirmed; and it is further,

Ordered that the appeal from the order dated May 22, 2002, is dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Under the circumstances of this case, the Supreme Court properly modified an income deduction order to include only the amounts to be paid directly to the wife for the support of herself and the parties' children. There is no legal support for the proposition that mortgage payments owed pursuant to an order of support must always be included in an income deduction order (*see Matter of Sferrazza v Bergdorf Goodman,* 213 AD2d 44 [1995]).

The appeal from the order dated May 22, 2002, must be dismissed. As a general rule, we do not consider an issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal from an order which appeal was dismissed for lack of prosecution, although we have inherent jurisdiction to do so (*see Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). Here, the plaintiff appealed from such a prior order of the Supreme Court dated February 4, 2002. That appeal (App Div Docket No. 2002-2777) was dismissed by this Court on November 12, 2002, for failure to perfect in accordance with the rules of this Court. The dismissal of that appeal constituted an adjudication on the merits with respect to all issues which could have been reviewed therein, and we find no basis

to review the same issues now, on this appeal (*see Rubeo v National Grange Mut. Ins. Co., supra; Bray v Cox, supra*). Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.