■ BSI, LLC, Respondent, v ANGELO TOSCANO, Appellant. [896 NYS2d 102]—

In an action to recover on a promissory note, brought by motion for summary judgment in lieu of complaint pursuant to CPLR 3213, the defendant appeals from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered December 29, 2008, which, upon an order dated February 27, 2008, inter alia, granting the plaintiff's motion for summary judgment, and upon an order dated September 30, 2008, denying his motion to compel the plaintiff to accept a check in the sum of $279,402.64, allegedly representing sums due and owing pursuant to a promissory note, to cancel the promissory note, to terminate a pledge and security agreement, to issue a satisfaction of judgment in favor of him, to file a discontinuance of the action, and to file a UCC-3 termination statement releasing the security referenced in the pledge and security agreement, and for a preliminary injunction, is in favor of the plaintiff and against him in the principal sum of $320,148.19.

Ordered that on the Court's own motion, the notice of appeal from the order dated September 30, 2008, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly denied that branch of the defendant's motion which was for a preliminary injunction since the defendant did not interpose a counterclaim which would provide a jurisdictional predicate for the preliminary injunction (*see* CPLR 6301; *Binns v Billhimer*, 271 AD2d 562, 563 [2000]; *Seebaugh v Borruso*, 220 AD2d 573 [1995]; *Arvay v New York Tel. Co.*, 81 AD2d 600 [1981]).

Furthermore, the remaining branches of the defendant's motion, which sought to compel the plaintiff to accept a check in the sum of $279,402.64, allegedly representing sums due and owing pursuant to a promissory note, to cancel the promissory note, to terminate a pledge and security agreement, to issue a satisfaction of judgment in favor of him, to file a discontinuance of the action, and to file a UCC-3 termination statement releasing the security referenced in the pledge and security agreement, were properly denied. The check tendered by the defendant to the plaintiff was insufficient to satisfy the defendant's obligations pursuant to the promissory note, and to redeem the

collateral under the pledge and security agreement, as it did not include any payment for attorney's fees (*see* UCC 9-623 [b]). Santucci, J.P., Miller, Eng and Lott, JJ., concur.