■ PASQUALE SICURANZA, Respondent, v JOAN MCDONALD, Appellant. [958 NYS2d 718]—

In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated October 12, 2011, which denied her motion, inter alia, to vacate both a judgment of foreclosure and sale of the same court dated October 29, 2008, and a deficiency judgment of the same court dated July 28, 2009, as amended June 29, 2011.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action in 2007 to foreclose a mortgage. The Supreme Court issued a judgment of foreclosure and sale in the plaintiff's favor dated October 29, 2008. After the sale of the subject property, the plaintiff moved, unopposed, to confirm the referee's post-sale report and for leave to enter a deficiency judgment pursuant to RPAPL 1371. In an order dated July 28, 2009, the Supreme Court granted that branch of the plaintiff's motion which was to confirm the referee's report, but denied that branch of the motion which was for leave to enter a deficiency judgment pursuant to RPAPL 1371. The Supreme Court entered a judgment, also dated July 28, 2009, which, inter alia, failed to award the plaintiff a deficiency judgment. However, upon the plaintiff's appeal, by decision and order dated April 26, 2011, this Court reversed the order insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to enter a deficiency judgment pursuant to RPAPL 1371, and directed the entry of an appropriate amended judgment in favor of the plaintiff and against the appellant in the principal sum of $88,305.69 (see Sicuranza v McDonald, 83 AD3d 1041 [2011]).

The defendant thereafter moved, inter alia, to vacate the judgment of foreclosure and sale and the judgment dated July 28, 2009, as amended. In the order now appealed from, the Supreme Court denied the defendant's motion, and the defendant appeals.

"An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court[ ] as well as the appellate court . . . [and] operates to foreclose re-examination of the question absent a showing of subsequent evidence or change in law" (Kenney v City of New York, 74 AD3d 630, 630-631 [2010]). While the Supreme Court

has the authority to vacate its own order or judgment on the grounds delineated in CPLR 5015 (a), as well as " 'for sufficient reason, in furtherance of justice' " (*56 Marquis v Mosello*, 239 AD2d 544, 545 [1997], quoting *Ladd v Stevenson*, 112 NY 325, 332 [1889]; *see Armstrong Trading, Ltd. v MBM Enters.*, 29 AD3d 835, 836 [2006]; *Bellevue-Santiago v City Ready Mix*, 270 AD2d 441, 441 [2000]), the defendant failed to make the requisite showing and, thus, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendant's motion. Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.