■ WELLS FARGO BANK N.A., as Trustee for the REGISTERED HOLDERS OF CBA COMMERCIAL ASSETS, SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES 2005-1, Appellant, v AREA PLUMBING SUPPLY, INC., et al., Respondents, et al., Defendants. [56 NYS3d 111]—

In an action to foreclose four mortgages, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered July 9, 2014, as granted those branches of the motion of the defendants Area Plumbing Supply, Inc., and Mousa A. Khalil which were to vacate so much of a judgment of foreclosure and sale dated March 23, 2012, as related to property located at 109-26 101 Avenue, Ozone Park, and, in effect, to preliminarily enjoin the plaintiff from foreclosing on that property.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Area Plumbing Supply, Inc., and Mousa A. Khalil which was, in effect, to preliminarily enjoin the plaintiff from foreclosing on the subject property, and substituting therefor a provision denying that branch of the motion as academic; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Mousa A. Khalil.

The plaintiff commenced this action to foreclose four com-

mercial mortgages, all of which were executed on the same day, secured by four properties that allegedly were owned by the defendant Area Plumbing Supply, Inc. (hereinafter Area Plumbing). The complaint alleged that on or about November 8, 2004, Area Plumbing obtained four loans evidenced by promissory notes, pursuant to which Area Plumbing promised to pay a sum to New Century Mortgage Corporation (hereinafter New Century), and, as security for each note, Area Plumbing executed and delivered to New Century four mortgages, one for each of four specified properties. The complaint further alleged that each of the mortgages was duly recorded and, by assignments dated November 11, 2005, New Century assigned the note, mortgage, and related documents for each of the four loans to the plaintiff.

In the complaint, the plaintiff also named Mousa A. Khalil, the president of Area Plumbing, as an individual defendant. The plaintiff alleged that Khalil executed a guaranty for each of the four notes, and that Khalil "may be the owner of an interest in one or more of the Mortgaged Premises, which interest(s), if any, are subject and subordinate to the liens of the Mortgages."

The notes, prepayment fee addenda, and mortgages for three of the loans, and the note and prepayment fee addendum for the other loan (hereinafter Loan 3), expressly indicate that they were executed on behalf of Area Plumbing by Khalil as president of the company. In contrast, the mortgage for Loan 3 indicates that it is made between Khalil, whose address is 109-26 101 Avenue, Ozone Park, as "Grantor," and New Century, that mortgage is signed by Khalil as "Grantor," and there is no indication that Khalil was signing in a representative capacity for Area Plumbing. The mortgage for Loan 3 also states that "Grantor mortgages, grants, and conveys to Lendor all of Grantor's right, title, and interest" in property located at 109-26 101 Avenue, Ozone Park (hereinafter the subject property).

Neither Area Plumbing nor Khalil answered or moved to dismiss the complaint, and, in a judgment of foreclosure and sale dated March 23, 2012, the Supreme Court directed the sale of all four properties.

On January 30, 2014, Area Plumbing and Khalil moved, by order to show cause, inter alia, to vacate the judgment of foreclosure and sale, in effect, to preliminarily enjoin the sale of the four properties, and to dismiss the complaint insofar as asserted against Khalil for lack of personal jurisdiction, contending that Khalil had not been served in the action and his time

to answer had not begun to run. In opposition, the plaintiff admitted that Khalil had not been properly served and did not object to his dismissal from the action, but argued that he was not a necessary party to the action.

In an order entered July 9, 2014, the Supreme Court, among other things, granted that branch of the motion of Area Plumbing and Khalil which was to dismiss the complaint insofar as asserted against Khalil for lack of personal jurisdiction and, noting that the mortgage for the subject property had been signed by Khalil in his individual capacity, granted those branches of the motion which were to vacate so much of the judgment of foreclosure and sale as related to the subject property and, in effect, to preliminarily enjoin the plaintiff from foreclosing on that property. The plaintiff appeals from so much of the order as granted those branches of the motion which were to vacate so much of the judgment of foreclosure and sale as it related to the subject property and, in effect, to preliminarily enjoin it from foreclosing on that property.

Subdivision (2) of section 3-403 of the Uniform Commercial Code (hereinafter UCC) provides: "An authorized representative who signs his own name to an instrument . . . (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity" (UCC 3-403 [2] [b]). Here, the mortgage for Loan 3 does not indicate that Khalil signed in a representative capacity on behalf of Area Plumbing (see UCC 3-403 [2] [b]; *Bankers Trust Co. v Javeri*, 105 AD2d 638, 638 [1984]). Contrary to the plaintiff's contention, the exception in UCC 3-403 (2) (b) which, in effect, allows parol evidence evincing the conduct between the parties to establish representative capacity is inapplicable here, as the plaintiff is an assignee and not the "immediate part[y]" to the mortgage required by the statute (UCC 3-403 [2] [b]; *see Bankers Trust Co. v Javeri*, 105 AD2d at 638; *Sullivan County Wholesalers v Sullivan County Dorms*, 59 AD2d 628 [1977]; *see generally Rotuba Extruders v Ceppos*, 46 NY2d 223, 228-230 [1978]).

Moreover, unlike the mortgages and notes for the other three loans, and unlike the note that related to Loan 3, Khalil's execution of the mortgage for Loan 3 expressly provides that he signed the mortgage as "Grantor: Mousa Khalil," and, unlike the other mortgages executed that same day, the mortgage for Loan 3 defines the Grantor as Khalil. The mortgage also provides, in relevant part, that "Borrower and Grantor shall strictly perform all Borrower's and Grantor's obligations under this Mortgage."

Under these circumstances, irrespective of whether Area Plumbing is also liable on the note and/or mortgage, Khalil is a necessary party to the foreclosure and sale of the subject property securing the mortgage for Loan 3 (*see* CPLR 3001; RPAPL 1311; *see also NYCTL 2012-A Trust v Phillip*, 145 AD3d 684 [2016]; *1426 46 St., LLC v Klein*, 60 AD3d 740, 742 [2009]). Thus, the Supreme Court providently exercised its discretion in vacating so much of the judgment of foreclosure and sale as related to the subject property.

Nonetheless, the Supreme Court erred in preliminarily enjoining the plaintiff from foreclosing on the subject property. The court was without the power to grant a preliminary injunction to Area Plumbing or Khalil in the action, as neither of them had interposed a counterclaim which would provide the jurisdictional prerequisite for any such relief to them (*see* CPLR 6301; *BSI, LLC v Toscano*, 70 AD3d 741, 741 [2010]; *Seebaugh v Borruso*, 220 AD2d 573, 574 [1995]; *Arvay v New York Tel. Co.*, 81 AD2d 600 [1981]). In any event, whether to issue a preliminary injunction was academic, as the court had vacated so much of the judgment of foreclosure and sale as related to the subject property (*see Matter of Heisler v Gingras*, 238 AD2d 702, 702 [1997]).

The plaintiff's remaining contentions are without merit or academic in light of our determination. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.