Wells Fargo Bank N.A. v Area Plumbing Supply, Inc. (2022 NY Slip Op 04578)

Wells Fargo Bank N.A. v Area Plumbing Supply, Inc.

2022 NY Slip Op 04578

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-13130
 (Index No. 30107/08)

[*1]Wells Fargo Bank N.A., etc., appellant, 
v
Area Plumbing Supply, Inc., et al., respondents, et al., defendants.

Moshe Mortner, New York, NY, for appellant.

DECISION & ORDER
In an action to foreclose four mortgages, the plaintiff appeals from an amended order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated June 21, 2019. The amended order denied the plaintiff's motion, inter alia, to vacate so much of an order of the same court dated June 16, 2014, as directed dismissal of the complaint insofar as asserted against the defendant Mousa A. Khalil for lack of personal jurisdiction or, in the alternative, for leave to renew the plaintiff's opposition to that branch of the motion of the defendants Area Plumbing Supply, Inc., and Mousa A. Khalil which was to dismiss the complaint insofar as asserted against the defendant Mousa A. Khalil.
ORDERED that the amended order is affirmed, without costs or disbursements.
In December 2008, the plaintiff commenced this action to foreclose four related mortgages secured by four contiguous lots in Ozone Park. Upon the alleged default of the defendants Area Plumbing Supply, Inc. (hereinafter Area Plumbing), and its president, Mousa A. Khalil (hereinafter together the defendants), an order of reference was issued and a judgment of foreclosure and sale was entered with respect to all four properties. The defendants moved, inter alia, to vacate the order of reference and the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against them. In an order dated June 16, 2014, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Khalil. The court further determined that, since Khalil signed the mortgage relating to 109-26 101 Avenue, Ozone Park (hereinafter the subject property) in his individual capacity rather than as an officer of Area Plumbing, so much of the judgment of foreclosure and sale as related to the subject property must be vacated. The court also granted that branch of the defendants' motion which was, in effect, for a preliminary injunction enjoining foreclosure of the subject property. Upon the plaintiff's appeal, this Court, in a decision and order dated May 10, 2017, modified the June 16, 2014 order by deleting therefrom the provision granting that branch of the defendants' motion which was, in effect, to preliminarily enjoin the plaintiff from foreclosing on the subject property and substituting a provision therefor denying that branch of the motion as academic. Except for this modification, the order was otherwise affirmed insofar as appealed from (see Wells Fargo Bank N.A. v Area Plumbing Supply, Inc., 150 AD3d 932). This Court reasoned that, since Khalil executed the mortgage on the subject property as "Grantor" and there was no indication that he was signing in a representative capacity for Area Plumbing, Khalil was a necessary party to the foreclosure and sale of the subject property (see id. at 934-935).
In December 2017, approximately seven months after this Court's determination on the plaintiff's first appeal, the plaintiff moved, inter alia, for a judgment of foreclosure and sale with respect to the subject property against Area Plumbing only. In an order dated June 20, 2018, the Supreme Court denied the plaintiff's motion on the ground that this Court's decision and order dated May 10, 2017, constituted the law of the case. Thereafter, the plaintiff moved, inter alia, pursuant to CPLR 5015(a)(5) to vacate so much of the June 16, 2014 order as directed dismissal of the complaint insofar as asserted against Khalil, or, in the alternative, for leave to renew its opposition to that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Khalil. In an amended order dated June 21, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
A court has the inherent power to grant a motion to vacate its own judgment or order "'for sufficient reason, in furtherance of justice'" (56 Marquis v Mosello, 239 AD2d 544, 544-545, quoting Ladd v Stevenson, 112 NY 325, 332). "'An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court as well as the appellate court, [and] operates to foreclose re-examination of the question absent a showing of subsequent evidence or change in law'" (Sicuranza v McDonald, 102 AD3d 762, 762 [alterations omitted], quoting Kenney v City of New York, 74 AD3d 630, 630-631).
Here, the plaintiff failed to demonstrate that it was entitled to a vacatur of so much of the June 16, 2014 order as directed dismissal of the complaint insofar as asserted against Khalil based upon this Court's determination in the earlier appeal from that order (see CPLR 5015[a][5]; Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220), or that it should have been granted leave to renew its opposition to that branch of the defendants' earlier motion which was to dismiss the complaint insofar as asserted against Khalil (see CPLR 2221[e]; Oparaji v ABN Amro Mtge. Group, Inc., 202 AD3d 988). Although this Court, in its decision and order dated May 10, 2017, determined, on the plaintiff's prior appeal, that Khalil was a necessary party to the action, the portion of the June 16, 2014 order which directed dismissal of the complaint insofar as asserted against Khalil was based, not upon necessary party grounds, but upon the plaintiff's failure to comply with the filing requirements of CPLR 308(2). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, inter alia, pursuant to CPLR 5015(a)(5) to vacate so much of the June 16, 2014 order as directed dismissal of the complaint insofar as asserted against Khalil.
The plaintiff's remaining contentions are either without merit (see Wells Fargo Bank, N.A. v Fameux, 201 AD3d 1012) or involve matter dehors the record and thus not properly before this Court (see Matter of Neham v New York City Tr. Auth., 202 AD3d 965).
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court