Deutsche Bank Natl. Trust Co. v Watkins (2024 NY Slip Op 02171)

Deutsche Bank Natl. Trust Co. v Watkins

2024 NY Slip Op 02171

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-08532
 (Index No. 80024/21)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Stephanie L. Watkins, et al., respondents, et al., defendants.

Stradley Ronon Stevens & Young, LLP, New York, NY (Lijue T. Philip of counsel), for appellant.
Joseph J. Haspel, Middletown, NY, for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated October 19, 2021. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Stephanie L. Watkins and Jamel Watkins and granted that branch of those defendants' cross-motion which was to vacate an order of the same court dated September 4, 2020, granting the plaintiff's motion for leave to reargue its prior motion to vacate an order of the same court dated July 7, 2014, directing dismissal of the action pursuant to CPLR 3215 or 3216, and upon reargument, granted the plaintiff's prior motion, vacated the order dated July 7, 2014, and restored the action to the trial calendar.
ORDERED that the order dated October 19, 2021, is affirmed, with costs.
In 2011, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Stephanie L. Watkins and Jamel Watkins (hereinafter together the Watkinses). In an order dated July 7, 2014 (hereinafter the order of dismissal), the Supreme Court directed dismissal of the action "pursuant to CPLR § 3216, and/or CPLR § 3215." In an order dated October 5, 2017, the court denied the plaintiff's motion, inter alia, to vacate the order of dismissal. The plaintiff appealed from the order dated October 5, 2017, which appeal was later deemed dismissed by this Court pursuant to 22 NYCRR 1250.10(a) for failure to perfect. In a decision and order on motion dated September 24, 2019, this Court denied the plaintiff's motion, among other things, to vacate the dismissal of the appeal.
Approximately six months later, the plaintiff moved in the Supreme Court for leave to reargue its motion, inter alia, to vacate the order of dismissal. In an order dated September 4, 2020, the court granted the plaintiff's unopposed motion and, upon reargument, vacated the order of dismissal. Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants. The Watkinses opposed the motion and cross-moved, inter alia, to vacate the order dated September 4, 2020. In an order dated October 19, 2021, the court denied the plaintiff's motion and granted that branch of the Watkinses' cross-motion. The plaintiff appeals.
The Supreme Court "has the inherent power to grant a motion to vacate its own judgment or order for sufficient reason, in furtherance of justice" (BSD 253, LLC v Wilmington Sav. Fund Socy., FSB, 219 AD3d 901, 903 [internal quotation marks omitted]). Under the circumstances of this case, the court did not err in reaching the merits of that branch of the Watkins' cross motion which was to vacate the order dated September 4, 2020.
The dismissal of an appeal for failure to perfect "constitute[s] an adjudication on the merits with respect to all issues which could have been reviewed therein" (Tedesco v Tedesco, 64 AD3d 583, 584; see Matter of Ruth S. [Stein], 181 AD3d 945, 946). Furthermore, "[a]n appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court [ ] as well as the appellate court, [and] operates to foreclose re-examination of the question absent a showing of subsequent evidence or change in law" (Wells Fargo Bank N.A. v Area Plumbing Supply, Inc., 207 AD3d 596, 597 [internal quotation marks omitted]).
Thus, the dismissal by this Court of the plaintiff's appeal from the order dated October 5, 2017, for failure to perfect, constituted an adjudication on the merits with respect to all issues which could have been reviewed therein and was binding on the Supreme Court. Nonetheless, in the order dated September 4, 2020, the Supreme Court granted the plaintiff's motion for leave to reargue its motion underlying the October 5, 2017 order. Therefore, the Supreme Court did not err when it granted that branch of the Watkinses' cross-motion which was to vacate the order dated September 4, 2020 (see McGrath v D'Angio-McGrath, 42 AD3d 440, 440; Pluchino v Pluchino, 305 AD2d 652, 652-653).
In light of the foregoing, the plaintiff's remaining contention need not be reached.
CONNOLLY, J.P., GENOVESI, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court