Citimortgage, Inc. v Weaver (2026 NY Slip Op 01760)

Citimortgage, Inc. v Weaver

2026 NY Slip Op 01760

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-03493
 (Index No. 18430/09)

[*1]Citimortgage, Inc., respondent, 
vEverette Weaver, appellant, et al., defendants.

Everette Weaver, Hopewell Junction, NY, appellant pro se.
Akerman LLP, New York, NY (Jordan M. Smith and Jason D. St. John of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Everette Weaver appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 1, 2022. The order and judgment of foreclosure and sale granted the plaintiff's motion, among other things, to confirm a referee's report and for a judgment of foreclosure and sale, in effect, denied that defendant's cross-motion, inter alia, to vacate so much of an order of the same court dated October 1, 2015, as granted that branch of the plaintiff's motion which was to join 212 First Holding Corp. as a necessary party defendant and so much of an order of the same court dated September 26, 2016, as granted those branches of the plaintiff's separate motion which were for leave to enter a default judgment against the defendant Everette Weaver and for an order of reference, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In June 2009, the plaintiff commenced this action against the defendant Everette Weaver (hereinafter the defendant) and Leola Paul (hereinafter the decedent), among others, to foreclose a mortgage on certain real property located in Brooklyn. The defendant failed to appear or answer the complaint. The decedent died in October 2011, and, in January 2015, the decedent's half-interest in the property was conveyed to 212 First Holding Corp. (hereinafter First Holding). In July 2015, the plaintiff moved, inter alia, to lift a stay necessitated by the decedent's death, to substitute the decedent's brother, Michael Norman Paul (hereinafter Michael), individually and as administrator of the decedent's estate, as a defendant, and to join First Holding as a necessary party defendant. The defendant opposed the motion. In an order dated October 1, 2015 (hereinafter the October 2015 order), the Supreme Court granted the plaintiff's motion. The defendant appealed from so much of the October 2015 order as granted those branches of the plaintiff's motion which were to lift the stay necessitated by the decedent's death, to substitute Michael, individually and as administrator of the decedent's estate, as a defendant, and to join First Holding as a necessary party defendant. In a decision and order dated July 11, 2018, this Court dismissed the appeal from so much of the October 2015 order as granted that branch of the plaintiff's motion which was to join First Holding as a necessary party defendant for lack of aggrievement and affirmed so much of the October 2015 order as granted those branches of the plaintiff's motion which were to lift the stay [*2]necessitated by the decedent's death and to substitute Michael, individually and as administrator of the decedent's estate, as a defendant (see Citimortgage, Inc. v Weaver, 163 AD3d 625, 625).
Thereafter, the plaintiff moved, among other things, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the motion. In an order dated September 26, 2016 (hereinafter the September 2016 order), the Supreme Court, inter alia, granted those branches of the plaintiff's motion. The defendant appealed from so much of the September 2016 order as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and, in a decision and order dated September 1, 2021, this Court affirmed those portions of the September 2016 order (see Citimortgage, Inc. v Weaver, 197 AD3d 1087, 1088).
In November 2019, the plaintiff moved, among other things, to confirm a referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, inter alia, to vacate so much of the October 2015 order as granted that branch of the plaintiff's motion which was to join First Holding as a necessary party defendant and so much of the September 2016 order as granted those branches of the plaintiff's separate motion which were for leave to enter a default judgment against the defendant and for an order of reference. The plaintiff opposed the cross-motion. In an order and judgment of foreclosure and sale dated June 1, 2022, the Supreme Court granted the plaintiff's motion, in effect, denied the defendant's cross-motion, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
"An appeal from a final judgment brings up for review . . . any non-final judgment or order which necessarily affects the final judgment, . . . provided that such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken" (CPLR 5501[a][1]). "'An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court[ ] as well as the appellate court, [and] operates to foreclose re-examination of the question absent a showing of subsequent evidence or change in law'" (Wells Fargo Bank N.A. v Area Plumbing Supply, Inc., 207 AD3d 596, 597 [internal quotation marks omitted], quoting Sicuranza v McDonald, 102 AD3d 762).
Here, the defendant seeks review of so much of the September 2016 order as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference. Upon the defendant's appeal therefrom, this Court reviewed and affirmed those portions of the September 2016 order (see Citimortgage, Inc. v Weaver, 197 AD3d at 1088). In the decision and order dated September 1, 2021, this Court concluded, in relevant part, that "[i]n opposition to the plaintiff's prima facie evidence of proper service, the defendant's bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service" (id. at 1089 [internal quotation marks omitted]). That conclusion "constitutes the law of the case," and, in the absence of a showing of subsequent evidence or change in law, re-examination of the question of personal jurisdiction is foreclosed (Wells Fargo Bank N.A. v Area Plumbing Supply, Inc., 207 AD3d at 597 [internal quotation marks omitted]).
The defendant's contention that the complaint should have been dismissed as abandoned pursuant to CPLR 3215(c) is improperly raised for the first time on appeal (see General Motors Acceptance Corp. v Grade A Auto Body, Inc., 21 AD3d 447). Contrary to the defendant's contention, this new issue "does not present a pure question of law appearing on the face of the record which could not have been avoided by factual showings or legal countersteps if raised at the proper juncture" (Wells Fargo Bank v Islam, 174 AD3d 670, 672; see General Motors Acceptance Corp. v Grade A Auto Body, Inc., 21 AD3d at 447).
The defendant's remaining contentions are without merit (see Federal Natl. Mtge. Assn. v Doodnauth, 234 AD3d 936, 938; Wells Fargo Bank, N.A. v Bowie, 89 AD3d 931, 932).
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court