Wells Fargo Bank, N.A. v Nesci (2020 NY Slip Op 05087)





Wells Fargo Bank, N.A. v Nesci


2020 NY Slip Op 05087


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-09276
2017-09277
 (Index No. 2185/14)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Danielle Nesci, et al., appellants, et al., defendants.


Vincent P. Nesci, P.C., Mount Kisco, NY, for appellants.
Rosicki, Rosicki & Associates, P.C. (Reed Smith LLP, New York, NY [Siobhan A. Nolan and Diane A. Bettino], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Danielle Nesci and Joseph Nesci appeal from two orders of the Supreme Court, Putnam County (Paul I. Marx, J.), both dated July 24, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Danielle Nesci and Joseph Nesci, to strike those defendants' answer and dismiss their affirmative defenses and counterclaims, and for an order of reference, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them or, alternatively, to amend their answer to assert the affirmative defense of lack of standing. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer and dismiss their affirmative defenses and counterclaims, and appointed a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
The defendants Danielle Nesci and Joseph Nesci (hereinafter together the defendants) executed and delivered to Wachovia Mortgage Corporation (hereinafter Wachovia) a promissory note and mortgage encumbering real property located in Carmel. On October 14, 2009, Wachovia commenced an action (hereinafter the prior action) to foreclose the mortgage. The prior action was dismissed, pursuant to CPLR 3216, for failure to prosecute.
On October 31, 2014, the plaintiff commenced this action to foreclose the mortgage. The defendants answered, asserting various affirmative defenses and counterclaims. In March 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer and dismiss their affirmative defenses and counterclaims, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them, as barred by the statute of limitations or, alternatively, for leave to amend their answer to assert lack of standing as an affirmative defense. The Supreme Court granted those branches of the plaintiff's motion and [*2]denied the defendants' cross motion, and the defendants appeal.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "The time within which an action must be commenced, except as otherwise expressly prescribed, shall be computed from the time the cause of action accrued to the time the claim is interposed" (CPLR 203[a]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Nationstar Mtge., LLC v Cantwell, 177 AD3d 612, 614). Where, as here, the acceleration of the maturity of a mortgage debt is made optional with the holder of the note and mortgage, "some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982-983; see U.S. Bank N.A. v Gordon, 176 AD3d 1006).
We agree with the Supreme Court's determination denying that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against them as time-barred. Contrary to the defendants' contention, the allegations in the 2009 complaint that the defendants defaulted in making their monthly mortgage payments on October 1, 2008, did not constitute evidence that the mortgage was accelerated on that date, "inasmuch as the acceleration provisions in the note and mortgage were made optional at the discretion of the holder and were not automatically triggered upon [the defendants'] default" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 836; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983; Esther M. Mertz Trust v Fox Meadow Partners, 288 AD2d 338, 340). Rather, acceleration occurred on October 14, 2009, when Wachovia filed its complaint seeking payment of the entire mortgage debt (see U.S. Bank N.A. v Gordon, 176 AD3d at 1006). Thus, the six-year limitations period had not yet expired when the plaintiff commenced the instant action on October 31, 2014. Accordingly, we agree with the court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer and dismiss their affirmative defenses and counterclaims, and for an order of reference, and denying that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against them as time-barred. 
Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in denying the defendants' alternative request for leave to amend their answer to assert lack of standing as an affirmative defense. Although the defendant did not waive the defense of lack of standing (see RPAPL 1302-a), the plaintiff's records established that, under the circumstances, such proposed defense was patently devoid of merit (see Prand Corp. v Gardiner, 176 AD3d 1127, 1130).
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court