Wells Fargo Bank, N.A. v Lewin (2020 NY Slip Op 07123)





Wells Fargo Bank, N.A. v Lewin


2020 NY Slip Op 07123


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2018-10280
2018-10282
2019-12559
 (Index No. 611856/15)

[*1]Wells Fargo Bank, N.A., respondent, 
v
James S. Lewin, appellant, et al., defendants.


Stim and Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth and Charles Wallshein of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Joseph S. Jacobs of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant James S. Lewin appeals from (1) an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated June 21, 2018, (2) an order of the same court, also dated June 21, 2018, and (3) an order and judgment of foreclosure and sale (one paper) of the same court, entered August 10, 2019. The orders, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant James S. Lewin, to strike that defendant's answer, and for an order of reference, and denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred. The order and judgment of foreclosure and sale, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In September 2007, the defendant James S. Lewin (hereinafter the defendant) executed a note which was secured by a mortgage on residential property located in Suffolk County. In November 2008, the defendant allegedly defaulted on the note, and on November 18, 2009, Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB (hereinafter Wachovia), [*2]commenced a foreclosure action (hereinafter the prior action) by the filing of a complaint declaring the entire unpaid balance under the note to be due. In July 2014, Wachovia voluntarily discontinued the prior action.
In November 2015, Wells Fargo Bank, N.A. (hereinafter the plaintiff), the successor by merger to Wachovia, commenced the instant action. The defendant answered and asserted, as an affirmative defense, that the action was time-barred. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant separately moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the instant action was time-barred.
In two orders, both dated June 21, 2018, the Supreme Court, inter alia, granted the plaintiff's motion and denied the defendant's motion. The court subsequently entered an order and judgment of foreclosure and sale, inter alia, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). However, "'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Here, the defendant failed to establish, prima facie, that the action was untimely. The entire mortgage debt was accelerated on November 18, 2009, when Wachovia filed its complaint in the prior action (see Wells Fargo Bank, N.A. v Nesci, 186 AD3d 1584, 1585-1586; U.S. Bank N.A. v Gordon, 158 AD3d 832, 836), and the instant action was commenced less than six years later, with the filing of the summon and compliant on November 9, 2015. Contrary to the defendant's contention, an affidavit of a Wachovia officer filed in the prior action does not establish that the debt was accelerated at some point prior to the commencement of the prior action. Since the defendant failed to meet his initial burden of demonstrating that the action was untimely, the burden never shifted to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see Pennymac Corp. v McGlade, 176 AD3d 963, 965-966; U.S. Bank N.A. v Greenberg, 170 AD3d 1237, 1239-1240).
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court