PennyMac Corp. v Bongiovanni (2023 NY Slip Op 00330)

PennyMac Corp. v Bongiovanni

2023 NY Slip Op 00330

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2019-12379
 (Index No. 135011/16)

[*1]PennyMac Corp., respondent,
v
Danielle Liguori Bongiovanni, et al., appellants, et al., defendants.

Danielle Liguori Bongiovanni and Sebastian Bongiovanni, Staten Island, NY, appellants pro se.
McGovern & Amodio LLC, White Plains, NY (Michael P. Amodio of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Danielle Liguori Bongiovanni and Sebastian Bongiovanni appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated April 17, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Sebastian Bongiovanni, for summary judgment on the complaint insofar as asserted against the defendant Danielle Liguori Bongiovanni, and for an order of reference, denied the cross motion of the defendant Sebastian Bongiovanni, inter alia, to vacate his default in appearing or answering the complaint and to compel the plaintiff to accept his late answer, and denied the separate motion of those defendants, inter alia, for leave to amend the answer of the defendant Danielle Liguori Bongiovanni and to dismiss the complaint insofar as asserted against them for lack of standing.
ORDERED that the appeal by the defendant Danielle Liguori Bongiovanni from so much of the order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Sebastian Bongiovanni, and denied the cross motion of the defendant Sebastian Bongiovanni, inter alia, to vacate his default in appearing or answering the complaint and to compel the plaintiff to accept his late answer is dismissed, as the defendant Danielle Liguori Bongiovanni is not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the appeal by the defendant Sebastian Bongiovanni from so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant Danielle Liguori Bongiovanni is dismissed, as the defendant Sebastian Bongiovanni is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d at 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On November 13, 2007, the defendants Sebastian Bongiovanni (hereinafter Bongiovanni) and Danielle Liguori Bongiovanni (hereinafter Liguori, and together with Bongiovanni, the borrowers) executed and delivered a note to JPMorgan Chase Bank, N.A. (hereinafter Chase), in the principal amount of $637,500. On the same day, the borrowers executed a mortgage against real property located in Staten Island (hereinafter the subject property) to secure the note. Thereafter, Chase assigned the mortgage to the plaintiff, PennyMac Corp.
The plaintiff commenced this action to foreclose the mortgage against the borrowers, among others. Liguori interposed a pro se answer generally denying the allegations in the complaint. Bongiovanni did not timely appear in the action, and when he served a late answer, the plaintiff rejected it as untimely.
Bongiovanni nevertheless moved, in effect, to dismiss the complaint insofar as asserted against him on the ground that the plaintiff had engaged in fraud by misrepresenting the principal balance on the loan or, in the alternative, to recuse the Justice assigned to the case. By order dated March 28, 2017, the Supreme Court, inter alia, denied Bongiovanni's motion.
Bongiovanni then moved, among other things, to vacate the order dated March 28, 2017, in effect, to vacate his default in appearing in the action, and, in effect, to impose sanctions on the basis that the plaintiff failed to engage in settlement discussions and negotiations in good faith pursuant to CPLR 3408. In an order dated September 4, 2017, the Supreme Court, inter alia, denied Bongiovanni's motion. Bongiovanni appealed, and this Court, among other things, affirmed the order dated September 4, 2017, insofar as appealed from (see PennyMac Corp. v Bongiovanni, 170 AD3d 875, 877-878).
In the interim, the plaintiff moved, inter alia, for leave to enter a default judgment against Bongiovanni, for summary judgment on the complaint insofar as asserted against Liguori, and for an order of reference. Liguori opposed the plaintiff's motion. Bongiovanni opposed the plaintiff's motion and cross-moved, among other things, to vacate his default in appearing or answering the complaint and to compel the plaintiff to accept his late answer, and for a bad faith hearing pursuant to CPLR 3408. The plaintiff opposed Bongiovanni's cross motion. The borrowers then moved, inter alia, for leave for Liguori to file an amended answer with various affirmative defenses, including lack of standing, and to compel discovery, or, in the alternative, to dismiss the complaint insofar as asserted against them for lack of standing. The plaintiff opposed the motion. By order dated April 17, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion, denied Bongiovanni's cross motion, and denied the borrowers' separate motion. The borrowers appeal.
Liguori is not aggrieved by so much of the order as granted that branch of the plaintiff's motion which was for leave to enter a default judgment against Bongiovanni, and denied Bongiovanni's cross motion. Similarly, Bongiovanni is not aggrieved by so much of the order as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Liguori. "[A] person is aggrieved [within the meaning of CPLR 5511] when he or she asks for relief but that relief is denied in whole or in part[, or] when someone asks for relief against him or her, which the person oppose[d], and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis and footnotes omitted]). Therefore, each of the borrowers' appeals must be dismissed to the extent indicated.
"On a motion for leave to enter a default judgment against a defendant based on the failure to answer or appear, a plaintiff must submit proof of service of the summons and complaint, proof of the facts constituting the cause of action, and proof of the defendant's default" (L & Z Masonry Corp. v Mose, 167 AD3d 728, 729; see CPLR 3215[f]). In order to successfully oppose a facially adequate motion for leave to enter a default judgment and for an order of reference based on the failure to appear or timely serve an answer, extend the time to answer, and compel the plaintiff to accept an untimely answer as timely, a defendant must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see US Bank N.A. v Salvatierra, 205 AD3d 757; HSBC Bank USA, N.A. v Masters, 176 AD3d 926).
Here, the plaintiff submitted evidence of service of the summons and complaint upon Bongiovanni, as well as evidence of the facts constituting its cause of action and Bongiovanni's failure to appear or answer the complaint within the time allowed (see HSBC Bank USA, N.A. v Diallo, 190 AD3d 959, 960). While Bongiovanni contends that he established a reasonable excuse for his default, and that his appearance was timely, those contentions are barred by the doctrine of law of the case (see PennyMac Corp. v Bongiovanni, 170 AD3d at 877-878).
The Supreme Court also properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Liguori. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgage, the note, and evidence of a default in payment (see U.S. Bank N.A. v Fabbro, 192 AD3d 1178; U.S. Bank N.A. v Saravanan, 146 AD3d 1010, 1011). In opposition, Liguori failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 563). Contrary to Liguori's contention, "a dispute as to the total amount of indebtedness does not preclude an award of summary judgment to the plaintiff on the issue of foreclosure, but is properly raised before the referee in computing the amount due" (Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1235; see RPAPL 1321).
Additionally, the Supreme Court properly denied the borrowers' motion, among other things, for leave to amend Liguori's answer to assert lack of standing as an affirmative defense and to dismiss the complaint insofar as asserted against them for lack of standing. Although the borrowers did not waive the defense of lack of standing (see RPAPL 1302-a), the plaintiff established that such proposed defense was patently devoid of merit (see Wells Fargo Bank, N.A. v Nesci, 186 AD3d 1584, 1586; Prand Corp. v Gardiner, 176 AD3d 1127, 1130).
The borrowers' remaining contentions are without merit.
Accordingly, we affirm the order insofar as reviewed.
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court