U.S. ROF III Legal Title Trust 2015-1 v Rufai (2025 NY Slip Op 00695)

U.S. ROF III Legal Title Trust 2015-1 v Rufai

2025 NY Slip Op 00695

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-04970
2022-04971
 (Index No. 503008/15)

[*1]U.S. ROF III Legal Title Trust 2015-1, etc., respondent, 
v
Alaba Rufai, appellant, et al., defendants.

Alaba Rufai, Jamaica, NY, appellant pro se.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alaba Rufai appeals from (1) an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated April 28, 2022, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated April 28, 2022. The order, insofar as appealed from, granted, to a stated extent, that branch of the plaintiff's motion which was to confirm a referee's report, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and denied the cross-motion of the defendant Alaba Rufai pursuant to CPLR 3217(c) to dismiss the complaint insofar as asserted against him. The order and judgment of foreclosure and sale, insofar as appealed from, granted, to a stated extent, that branch of the plaintiff's motion which was to confirm the referee's report, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, confirmed the referee's report to a stated extent, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
This is an action to foreclose a mortgage on real property commenced against, among others, the defendant Alaba Rufai (hereinafter the defendant). On a prior appeal, this Court held that the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer [*2]and dismiss his counterclaims, and for an order of reference, and properly denied the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him (see US Bank, N.A. v Rufai, 202 AD3d 716).
The plaintiff moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. The defendant cross-moved pursuant to CPLR 3217(c) to dismiss the complaint insofar as asserted against him. In an order dated April 28, 2022, the Supreme Court, among other things, granted, to a stated extent, that branch of the plaintiff's motion which was to confirm the referee's report, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, and denied the defendant's cross-motion. In an order and judgment of foreclosure and sale, also dated April 28, 2022, the court, inter alia, granted, to a stated extent, that branch of the plaintiff's motion which was to confirm the referee's report, granted that branch of the plaintiff's motion which was for a judgment of foreclosure and sale, confirmed the referee's report to a stated extent, and directed the sale of the subject property. The defendant appeals.
The defendant's contentions that the plaintiff lacked standing to commence this action, was estopped from asserting its standing, and failed to comply with conditions precedent to foreclosure are barred by the doctrine of law of the case (see PennyMac Corp. v Bongiovanni, 212 AD3d 837, 840). "An appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court[ ] as well as the appellate court" (Wells Fargo Bank N.A. v Area Plumbing Supply, Inc., 207 AD3d 596, 597 [internal quotation marks omitted]). Here, in a prior appeal, this Court determined that the evidence submitted by the plaintiff established, among other things, that the prior loan servicer had physical possession of the original endorsed note, as the plaintiff's attorney-in-fact, prior to the commencement of the action and that the plaintiff was not collaterally estopped from asserting its standing based upon the Supreme Court's ruling on the issue in a prior action (see US Bank, N.A. v Rufai, 202 AD3d at 718-719). Additionally, this Court determined that the defendant waived any defense based on the plaintiff's failure to comply with the condition precedent set forth in the mortgage requiring the provision of a notice of default, since he did not raise that defense in his answer or in any motion for leave to amend his answer (see id.). The defendant has not made a sufficient showing to warrant reexamination of those issues (see Northern Blvd Corona, LLC v Northern Blvd Prop., LLC, 181 AD3d 690, 691).
The Supreme Court properly denied the defendant's cross-motion. The defendant waived a defense based on CPLR 3217(c) by not pleading it in his answer (see CPLR 3018[b]). Moreover, the defendant's CPLR 3217(c) argument is in the nature of a res judicata defense, which was never timely raised on that basis (see CPLR 3211[e]).
Accordingly, we affirm the order and judgment of foreclosure and sale insofar as appealed from.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.

2022-04970 DECISION & ORDER ON MOTION
2022-04971
U.S. ROF III Legal Title Trust 2015-1, etc.,
respondent, v Alaba Rufai, appellant,
et al., defendants.
(Index No. 503008/15)

Motion by the respondent, inter alia, to dismiss the appeals from an order of the Supreme Court, Kings County, dated April 28, 2022, and an order and judgment of foreclosure and [*3]sale (one paper) of the same court, also dated April 28, 2022, on the ground that review of the issues to be raised on the appeals is barred by the law of the case doctrine. By decision and order on motion of this Court dated February 16, 2024, that branch of the motion which is to dismiss the appeals was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeals is denied.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court